BERARDI, U.S.A., LTD. et al.

v.

EMPLOYERS MUTUAL
CASUALTY CO.

85–304–Appeal.

Supreme Court of Rhode Island.

June 4, 1987.

Joel K. Gerstenblatt, Gerstenblatt & Gerstenblatt, Providence, for plaintiff.

Ronald J. Resmini, Ronald J. Resmini, Ltd., Providence, for defendant.

OPINION

MURRAY, Justice.

This civil action to recover for personal injuries sustained in an automobile accident has been certified to this court pursuant to G.L. 1956 (1985 Reenactment) § 9–24–25 on an agreed statement of facts.[1] The plaintiffs are the driver and the passenger of one of the vehicles involved, who seek to recover uninsured-motorist benefits from the defendant insurance company. The question to be answered by this court is whether the plaintiffs are entitled to receive uninsured-motorist benefits from the defendant when the plaintiffs are precluded by the New York no-fault law from recovering damages from the third-party tortfeasor.

---

1. General Laws 1956 (1985 Reenactment) § 9–24–25 provides:

"Whenever any civil action, legal or equitable in character, is pending in a district court or in a superior court, and the parties shall file in the clerk's office an agreed statement of facts in such action, the court shall certify the action to the supreme court to be there heard and determined. After having decided the action, the supreme court shall send back the papers therein, with its decision certified thereon, to the court from which the action was certified, which shall enter final judgment upon the decision."

On December 12, 1982, plaintiff John Russo was involved in an automobile accident when the automobile he was driving collided with another automobile driven by Betty Irwin of Ossining, New York. The accident occurred near exit 21 on Interstate 95 in Rye, New York. Mr. Russo and his passenger, plaintiff Robert Fogarty, sustained personal injuries as a result of the accident. The vehicle in which plaintiffs were riding was owned by plaintiff Berardi, U.S.A., Ltd. (Berardi), who is no longer a party to this action.[2] Under New York law plaintiffs were barred from recovering against Irwin because plaintiffs had not sustained "serious injuries" as defined by New York's Comprehensive Automobile Insurance Reparations Act. Consequently, plaintiffs sought recovery of uninsured-motorist benefits from the insurer of the Berardi automobile. On the date of the accident the Berardi automobile was insured by defendant, Employers Mutual Casualty, Co. The plaintiffs Russo and Fogarty are insureds under the Berardi insurance policy.

The policy provides that uninsured-motorist benefits will be paid when "no liability bond or policy at the time of an accident provides at least the amounts required by the applicable law where a covered auto is principally garaged."

The policy further provides that the insurer

"will pay all sums the insured is legally entitled to recover as damages from the owner or driver of an uninsured motor vehicle. The damages must result from bodily injury sustained by the insured caused by an accident. The owner's or driver's liability for these damages must result from the ownership, maintenance or use of the uninsured motor vehicle."

The plaintiffs commenced an action in the Superior Court against defendant, seeking declaratory relief. Both parties moved for summary judgment. Subsequently defendant moved to certify the matter to this court on an agreed statement of facts. The motion was granted.

Rhode Island requires the owner and driver of all insured motor vehicles subject to registration within the state to carry liability insurance in an amount of not less than $25,000 per person for personal injuries and not less than $50,000 per accident. General Laws 1956 (1982 Reenactment) § 31–31–7. According to the Berardi insurance policy, should the insured's vehicle be involved in an accident with another vehicle whose insurance did not provide the amount of coverage required by § 31–31–7, the third-party tortfeasor would be considered an uninsured motorist. The insured could then recover uninsured-motorist benefits for all damages that the insured is "legally entitled to recover" from the uninsured motorist.

Betty Irwin, the alleged third-party tortfeasor in the case at bar, carried motor-vehicle liability insurance in the amount of $10,000 per person and $20,000 per accident at the time of the accident with plaintiffs. It is undisputed that because Irwin's insurance coverage did not comport with the requirements of § 31–31–7, Irwin was considered an uninsured motorist under the Berardi insurance policy. For these reasons plaintiffs, as insureds under the Berardi policy, were entitled to collect uninsured-motorist benefits under the policy for all damages that plaintiffs were legally entitled to recover against Irwin. Accordingly, the question becomes whether plaintiffs were legally entitled to recover any damages from Irwin.

It is undisputed that New York law would control an action between plaintiffs and Irwin to recover for personal injuries arising out of the accident. In determining which law governs a tort action involving two or more jurisdictions, Rhode Island applies the "interest-weighing approach." *Brown v. Church of the Holy Name of Jesus*, 105 R.I. 322, 326–27, 252 A.2d 176, 179 (1969). Accordingly, the court considers numerous factors which in-

2. The plaintiff Berardi, U.S.A., Ltd. was removed from the action by agreement of the parties.

clude the place of injury; the place where the tortious conduct occurred; the domicile, residence, and place of business of the parties; and the place where the relationship, if any, between the parties was centered. *Id.* Applying these factors to the action between plaintiffs and Irwin, we find that the tortious acts and injury occurred in New York; Betty Irwin was a resident of New York; and evidence in the case would be more accessible in New York. For these reasons New York would have the more significant interest in an action between plaintiffs and Irwin and New York law would be applied.

 According to New York's Comprehensive Automobile Insurance Reparations Act in effect at the time of the accident, one may only recover non-economic loss for "serious injuries" as defined by the act.[3] It is admitted that the plaintiffs' injuries do not constitute "serious injuries" as defined under the act. Therefore, according to New York law, the plaintiffs are barred from recovering against Irwin. Because the plaintiffs are barred from recovering non-economic loss against Irwin, they cannot fulfill the "legally recoverable damages" requirement of the Berardi insurance policy's uninsured-motorist provision. Thus we must deny the plaintiffs relief.

For these reasons we answer the question certified to us in the negative. The papers in the case are remanded to the Superior Court.

---

**3.** New York Ins. Law § 673 (McKinney 1939), as amended by L.1977, c.892, § 11, provides in part:
 "Notwithstanding any other law, in any action by or on behalf of a covered person against another covered person for personal injuries arising out of negligence in the use or operation of a motor vehicle in this state, there shall be no right of recovery for non-economic loss, except in the case of a serious injury, or for basic economic loss."
New York Ins. Law § 671(4) (McKinney 1939), as amended by L.1977, c.892, § 8, provides:
 " 'Serious injury' means a personal injury which results in death; dismemberment; significant disfigurement; a fracture; permanent loss of use of a body organ, member, function or system; permanent consequential limitation of use of a body organ or member; significant limitation of use of a body function or system; or a medically determined injury or impairment of a non-permanent nature which prevents the injured person from performing substantially all of the material acts which constitute such person's usual and customary daily activities for not less than ninety days during the one hundred eighty days immediately following the occurrence of the injury or impairment."