### Clifford FARRELL and Helena Farrell

v.

### Leslie COHEN, M.D., alias, Sturdy Memorial Hospital, Michael Colucci, alias and John Doe, alias.

#### No. 95–159—Appeal.

Supreme Court of Rhode Island.

Feb. 22, 1996.

Kevin J. Holley, Providence.

Stephen Harten and Francis A. Connor, III, Providence.

### ORDER

This case came before a hearing panel of the Supreme Court for oral argument on February 20, 1996, pursuant to an order that directed the parties to show cause why the appeal of the plaintiffs, Clifford Farrell and Helena Farrell, should not be summarily decided. After hearing the arguments of counsel and after reviewing the memoranda submitted by the parties, it is the conclusion of this court that cause has not been shown, and the case will be decided at this time.

Clifford Farrell claimed injury while being treated at defendant Sturdy Memorial Hospital (Sturdy) in Massachusetts. The plaintiffs have appealed from a partial summary judgment entered for Sturdy. The plaintiffs are residents of Massachusetts, where Clifford Farrell received medical care from defendants Leslie Cohen, M.D., and nurse Michael Colucci both licensed to practice by the state of Massachusetts. The only Rhode Island nexus was that the physician and nurse reside in this state.

Sturdy filed a motion seeking application of Massachusetts law in the case, which the

trial justice treated as a motion for partial summary judgment. The trial justice reviewed this state's theory of conflicts of law and found that the place of the injury, the place where the conduct causing the injury occurred, and the place where the relationship of the parties was centered were all in Massachusetts. The trial justice further concluded that the plaintiff's residence and the location of the hospital (both Massachusetts) outweighed any impact derived from the incidental residence of the care givers (Rhode Island), and therefore concluded that the substantive law of Massachusetts should be applied in this case.

In determining which law governs a tort action involving two or more jurisdictions, this court applies an interest-weighing approach. *Berardi, U.S.A. v. Employers Mutual Casualty Co.*, 526 A.2d 515, 516–17 (R.I. 1987). On the facts of this case, this court concludes that the trial justice correctly evaluated the appropriate factors, namely, the place of injury, the place of the tortious conduct, the domicile, residence and place of business of the parties, and the place where the relationship between the parties was centered. This court concurs that the trial justice was legally correct in directing the application of Massachusetts law to this case.

Consequently, we deny and dismiss the appeal and affirm the judgment of the Superior Court to which we return the papers in the case.

BOURCIER, J., did not participate.