## THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. JACOB GOLDFARB, PLAINTIFF IN ERROR.

Submitted March 23, 1921—Decided June 7, 1921.

1. The supplement to the act entitled "An act for the punishment of crimes (*Rev.* 1898)," known as chapter 44 of the laws of 1917 (*Pamph. L.*, *p.* 78), which provides that any person who, having at any place without this state, stolen the property of another, or received such property knowing it to have been stolen, brings the same into this state, may be convicted and punished in the same manner as if such larceny or receiving had been committed in this state, is constitutional and not in violation of article 3, section 2, paragraph 3 of the constitution of the United States.
2. Where, in the trial of an indictment, the question of the intent with which an act is done is involved, other acts. although criminal, in which the defendant has participated, may be adduced to prove intent.

On error to the Monmouth Quarter Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices BERGEN and KATZENBACH.

For the plaintiff in error, *William L. Edwards.*

For the state, *Charles F. Sexton.*

The opinion of the court was delivered by

KATZENBACH, J. The plaintiff in error, Jacob Goldfarb (the defendant below), was convicted upon an indictment charging him with having with one Alexander Israel received and brought into this state an Oldsmobile stolen in the city of Brooklyn, in the State of New York, and taken and carried away by them, knowing that the same had been feloniously stolen, contrary to the statute passed in 1917 as a supplement to the Crimes act, and known as chapter 44 of the laws of 1917. *Pamph. L., p.* 78. A severance of the indictment was

allowed by the trial court, and Alexander Israel testified for the state in the trial of Goldfarb.

The first ground of reversal urged in behalf of the plaintiff in error is the refusal of the trial court to quash the indictment on the ground that the act of 1917, upon which the indictment is based, is unconstitutional, in that it violates article 3, section 2, paragraph 3 of the United States constitution, which provides that the "trial of all crimes, except in cases of impeachment, shall be by jury, and such trial shall be held in the state where the said crimes shall have been committed."

This question is not properly before us, as the granting or refusal of a motion to quash is discretionary with the trial court and not reviewable by writ of error. *State* v. *Potter,* 83 *N. J. L.* 428; *State* v. *Riggs,* 92 *Id.* 575. We will, however, because of the importance of the question, deal with it as if it were properly before us.

The unconstitutionality is alleged to be that the statute does not provide for the conviction and punishment of a crime committed in this state, but of a crime committed in a foreign state. It was held, in *State* v. *Le Blanch,* 31 *N. J. L.* 82, that the possession in this state by a thief of goods stolen in another state did not constitute the crime of larceny. In this opinion Chief Justice Beasley refers to the divergence of views upon this question obtaining in the different states. In some of the states one who has stolen goods in a foreign state and brought them into another state may be indicted for larceny in the state into which the stolen goods are brought. In some of the states, which entertained the view of Chief Justice Beasley as expressed in the Le Blanch case (1864), statutes had been passed at that time similar to the New Jersey act of 1917, as, for example, New York State. These statutes had been upheld by the courts. *People* v. *Burke* (*N. Y.*), 11 *Wend.* 129; *Hemmaker* v. *State,* 12 *Mo.* 453. The statute under consideration is not designed to punish for larceny against the dignity of another state sovereignty, but for the bringing into this state property feloniously stolen without its limits, whereby citizens of this state may be induced to

become purchasers of the same and suffer loss when the property shall be reclaimed by the rightful owner. We are of the opinion that this state had the power to protect its citizens by the enactment of this statute and that it is constitutional.

The second ground of reversal pressed is, that there was no evidence upon which to base a proper conclusion that the Oldsmobile car mentioned in the indictment was actually stolen or brought into this state. We consider the testimony of the owner of the car identifying the car while in this state as the one taken from in front of her residence, in Brooklyn, together with the testimony of Israel, describing how he and Goldfarb took the car and drove it into this state as ample evidence to sustain the conviction of Goldfarb on this point.

It is also claimed that the plaintiff in error was harmed by the admission in evidence of conversations and transactions with reference to the sale of a Buick car. The evidence shows that the Buick car was probably a stolen car, and Goldfarb assisted in bringing it into this state and was present during the transaction of the sale or exchange of the car. Under these circumstances, we are of the opinion that the evidence was admissible to prove intent under the authority of *State* v. *Gargare,* 88 *N. J. L.* 389.

The final grounds pressed for reversal are certain portions of the charge which it is alleged were prejudicial to the defendant. We have examined these portions of the charge and find in them no error.

The judgment under review will be affirmed.