THE STATE, DEFENDANT IN ERROR, v. JACOB GOLDFARB, IMPLEADED WITH ALEXANDER ISRAEL, PLAINTIFF IN ERROR.

Submitted March 27, 1922—Decided June 19, 1922.

1. The supplement to the Crimes act, approved March 6th, 1917 (*Pamph. L., p.* 78), denouncing the bringing into this state of personal property stolen or received as stolen in another state, is not unconstitutional.
2. In the trial of an indictment under such supplement, the case involving the receiving of stolen goods in the sister state, evidence of other similar acts is admissible on the question of intent.
3. In reviewing the conviction for a criminal offence, this court will not consider under section 136 of the Criminal Procedure act alleged errors at the trial when there is no certificate of the trial court of the entire proceedings at the trial.
4. Exceptions in a criminal case, to be available in error, should be authenticated by the signature and seal of the trial court.

---

On error to the Supreme Court, whose opinion is reported in 96 *N. J. L.* 121.

For the state, *Charles F. Sexton,* prosecutor of the pleas.

For the plaintiff in error, *William L. Edwards.*

The opinion of the court was delivered by

PARKER, J.   Defendant was convicted of violating a supplement to the Crimes act, approved March 6th, 1917 (*Pamph. L., p.* 78), perhaps superseded by a later supplement (*Pamph. L.* 1920, *p.* 480), which supplement of 1917 reads as follows:

"Any person who having, at any place without this state, stolen the property of another, or received such property knowing it to have been stolen, brings the same into this state, may be convicted and punished in the same manner as if such larceny or receiving had been committed within this state.   Complaint may be made and the indictment found and tried, and the offence may be charged to have been committed in any county into or through which the stolen property is brought."

The argument that the conviction could not stand because the statute is unconstitutional is noticed and correctly answered in the opinion of the Supreme Court.   Statutes of this character—in fact, substantially identical with that *sub judice*—have been considered by various state courts in this country over a period of nearly a century.   In Alabama an act directed specifically at the bringing of stolen horses, and generally of any stolen property into that "territory," probably enacted prior to 1819, when Alabama was admitted as a state, was upheld by a majority of the court as a legitimate exercise of legislative power.   *State* v. *Seay, 3 Stew.* (*Ala.*) 123.   This was in 1830, and later cases are predicated on the ruling.   *Murray* v. *State,* 18 *Id.* 727; *Spencer* v. *State,* 20 *Id.* 24; *Alsey* v. *State,* 39 *Id.* 664.   In 1834 came the New York decision in *People* v. *Burke,* 11 *Wend.* 129, cited in the opinion below, and based on an act almost identical in language with that now under consideration.   In 1849 the Supreme Court of Missouri considered and supported an act of that state also substantially identical in language.   *Hemmaker* v. *State,* 12 *Mo.* 453, cited by the Supreme Court. The language of the opinion in that case is vigorous and persuasive:

"If the legislature thinks it expedient to declare that a person who is guilty of grand larceny in another state or country and brings within our jurisdiction the stolen goods, shall be considered as guilty of grand larceny here, it is clearly within their constitutional power to make such enactment. In the determination of the character of the offence there is no necessity for inquiring what may be larceny under the laws of the country where the [original] offence was committed. The legislature punish the offence committed in this state by bringing the stolen property in it. And in doing so they merely codify a settled principle of the common law applicable to different counties and extend it here to neighboring states and foreign countries. The case of *People* v. *Bush,* 11 *Wend.* 129, is an authority in point upon a statute exactly like our own. Judgment affirmed."

Part of this language is incorporated into the text of 16 *C. J.* (at *p.* 168), in dealing with the effect of such statutes.

In Michigan, the Supreme Court, dealing with the same statute, to which the legislature had added a proviso giving the defendant the right to plead *autrefois convict* or *autrefois acquit* in the state where the original larceny occurred, at first divided equally on the constitutional question in 1863 (*Morrissey* v. *People,* 11 *Mich.* 327), but in 1871 held the act valid. *People* v. *Williams,* 24 *Id.* 156.

The courts of other states seem to have concurred in the great majority of cases, which will be found collected in 16 *C. J.* 168. The opinion of Chief Justice Beasley in *State* v. *Le Blanch,* 31 *N. J. L.* 82, is, of course, a luminous and controlling decision from the standpoint of the common law, but in that very opinion there occurs twice (*pp.* 83, 84) an apparent recognition of the fact that the enactment of appropriate statutes in other jurisdictions had changed the rule. The authorities cited on this point above, and in the opinion of the Supreme Court satisfactorily support the conclusions of the Supreme Court in this aspect of the case. This disposes of the first point made in the brief. As to the second, that there is no evidence to support a finding that

the particular automobile mentioned in the indictment was actually stolen or brought into this state, we have nothing to add to what was said by the Supreme Court. We also concur in the view expressed by that court on the admission of evidence about the Buick car under the exception to the general rule excluding evidence of other crimes, in cases of receiving stolen goods and merely add for convenience a citation of *State* v. *Raymond,* 53 *Id.* 260, 265, and *State* v. *Popick,* 83 *Id.* 318. To the argument that the proof on this point was directed to Israel and not to Goldfarb, the answer is that the jury were justified in finding that Israel acted under Goldfarb's express direction, so that the act was legally Goldfarb's act.

Several passages in the judge's charge are assigned for error, but no exceptions were sealed thereon and there is no certificate of the entire record of proceedings at the trial, so as to make the case reviewable under section 136 of the Criminal Procedure act; so the state is not obliged to meet the assignments, nor the reviewing court to notice them. *State* v. *Ramage,* 91 *N. J. L.* 436; *State* v. *Armstrong,* 88 *Id.* 280; *State* v. *Codington,* 80 *Id.* 496, 497; *affirmed,* 82 *Id.* 728.

The judgment will be affirmed.

*For affirmance*—THE CHANCELLOR, SWAYZE, TRENCHARD, PARKER, MINTURN, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, GARDNER, ACKERSON, VAN BUSKIRK, JJ. 12.

*For reversal*—None.