28 N.J. Super. 614 (1953)
101 A.2d 370
IN THE MATTER OF THE COMPLAINT OF RUSSELL L. FENN AND ANNA FENN, HUSBAND AND WIFE, FOR LEAVE TO ADOPT "BABY" LUNGER, A MINOR.
Superior Court of New Jersey, Bergen County Court Probate Division.
Decided December 7, 1953.
Mr. Robert D. Gruen for the complainants (Messrs. Gruen & Mazer, attorneys).
*615 DEL MAR, J.C.C.
In the matter of the adoption of "Baby" Lunger, a minor, the report of the Department of Institutions and Agencies calls my attention to two alleged reasons why the adoption is illegal. First that the child was placed for adoption by the Wyoming County Children's Aid Association, Inc., in Wyoming County, Pennsylvania, which has been denied approval to place children for adoption in New Jersey; and second, that the consent of the Commissioner of Institutions and Agencies to the importation of this child into the State of New Jersey was not obtained.
Relative to the first point, the statute requiring such approval is R.S. 9:3-1, as amended, which makes it a misdemeanor for any corporation which has not been approved by the Department of Institutions and Agencies to place a minor child for adoption within this State and also makes it a misdemeanor for "any person not previously approved as adopting parents" by the said Department, or one of its agencies, to receive a child for adoption in this State.
"It is universally conceded, that criminal laws are in their nature local, and in their operation are confined within the limits of the State in which they are enacted." State v. Le Blanch, 31 N.J.L. 82, at p. 87 (Sup. Ct. 1864). See also State v. Carter, 27 N.J.L. 499 (Sup. Ct. 1859); Hunter v. State, 40 N.J.L. 495, at p. 546 (E. & A. 1878); State v. Goldfarb, 96 N.J.L. 121  Sup. Ct. 1921 (affirmed 97 N.J.L. 489 (E. & A. 1922); State v. Lang. 108 N.J.L. 98, at p. 103 (E. & A. 1931); Waters v. Court of Special Sessions, 132 N.J.L. 44, at p. 46 (Sup. Ct. 1944).
The placement of this child by the said association took place in the State of Pennsylvania. Such act could not constitute the misdemeanor described in the foregoing statute. I do not deem it necessary to consider whether such an act amounts to a conspiracy made out of the State to violate the laws of this State as that question is not before the court inasmuch as the Adoption Act does not forbid the court to decree an adoption even though the placement be illegal.
The second alleged objection undoubtedly relates to R.S. 9:7-1 et seq., as amended, forbidding the importation of dependent children into the State. R.S. 9:7-3, before it *616 was amended made it a misdemeanor to violate the provisions of sections 1 and 2. The statute was amended in 1949, by L. 1949, c. 161, making the person receiving such a child liable for its support and maintenance. The act contains a proviso to the effect that the "bringing or receiving of any dependent child into this State, with or without the consent and approval of the Commissioner of Institutions and Agencies, shall not of itself establish any rights to custody or adoption of such child." Significantly, the act does not forbid the adoption of such a child, but rather its purpose is to establish the policy of the State to provide means for the support of the children embraced within its provision. See In re Williams, 77 N.J. Eq. 478, at p. 485 (Ch. 1910).
The bond required in the statute for the importation of a dependent child was waived by the Department of Institutions and Agencies, "assuming that the adoption is granted."
The rights of the complainants to the custody of the child and to adopt it do not flow from the provisions of the foregoing act, but depend rather upon compliance with the Adoption Act. The consent to the adoption has been executed by both the mother of the child and her husband.
It is my judgment that it is for the best interest of this child that the court permits the adoption regardless of what laws may have been broken by this placement and the bringing of a dependent child into the State. I have, accordingly, signed a judgment granting the adoption.