### State of Vermont v. Benjamin H. Huginski

[422 A.2d 935]

No. 11-79

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed October 31, 1980

96

*John A. Rocray,* Windham County State's Attorney, Brattleboro, for Plaintiff.

*Kristensen, Cummings, Rosi & Murtha,* Brattleboro, for Defendant.

**Daley, J.** The defendant appeals convictions of first degree arson (13 V.S.A. § 502) and burning with intent to defraud an insurer (13 V.S.A. § 506). The prosecution was begun by a two-count information filed by the Windham County State's Attorney. It alleged that the defendant, in Townshend, Vermont, on August 15, 1977,

*Count 1*

Did wilfully and maliciously counsel or procure the burning of a dwelling house owned by himself on Route #35 in said Townshend, in violation of Vermont Statutes Annotated, Title 13, Section 502.

and

*Count 2*

Did wilfully and maliciously with intent to injure or defraud the insurer, to wit: The Concord General Mutual Insurance Company, counsel and procure the burning of a dwelling house owned by himself on Route #35 in said Townshend, in violation of Vermont Statutes Annotated, Title 13, Section 506.

Trial by jury resulted in a verdict of guilty on each count. The defendant appeals from the judgment rendered on the jury verdicts.

In his appeal, the defendant contends that the trial court lacked subject matter jurisdiction of the offenses inasmuch as the State failed to prove that the alleged crimes were committed within the State of Vermont. As a second ground for reversal, he claims that Count 1 of the information was fatally

defective in that it failed to charge conjunctively separate offenses enumerated disjunctively in 13 V.S.A. § 502. See *State v. Ciocca,* 125 Vt. 64, 209 A.2d 507 (1965); *State v. McDermott,* 135 Vt. 47, 373 A.2d 510 (1977); *State v. Polidor,* 130 Vt. 34, 285 A.2d 770 (1971). A third ground relates to the court's jury charge. We need not pass upon the second and third claims of reversible error since we reverse for lack of subject matter jurisdiction.

13 V.S.A. § 502, in material part, reads as follows:

First degree arson

A person who wilfully and maliciously sets fire to or burns or causes to be burned, or who wilfully and maliciously aids, counsels or procures the burning of any dwelling house . . . shall be guilty of arson in the first degree . . . .

13 V.S.A. § 506, in material part, reads as follows:

Burning to defraud insurer

A person who wilfully and with intent to injure or defraud the insurer sets fire to or burns or attempts so to do or who wilfully and maliciously causes to be burned or who wilfully and maliciously aids, counsels or procures the burning of any building . . . which shall at the time be insured . . . shall be imprisoned . . . .

Both statutes above quoted denounce as an offense two or more separate and distinct acts. See *State v. Polidor, supra,* 130 Vt. at 35–36, 285 A.2d at 771. The defendant was charged in each count with the separate acts of counseling and procuring, made a crime by both 13 V.S.A. §§ 502 and 506. Contrary to the contention of the State, he was charged neither as an aider (13 V.S.A. § 3), nor as an accessory before the fact (13 V.S.A. § 4). The information charged him as a principal under 13 V.S.A. §§ 502, 506. Inciting to felony (13 V.S.A. § 7) and conspiracy (13 V.S.A. § 1401) were also not alleged.

In order to prove the offenses charged, the State had the burden of proving that an act alleged in the information occurred within the State of Vermont. *State v. Longway,* 137 Vt. 165, 400 A.2d 1002 (1979). The penal laws of a state are enacted as an exercise of sovereignty and are thus restricted

in their application to places within the boundaries of the state. *State* v. *Baldwin*, 305 A.2d 555, 559 (Me. 1973).

The State's evidence, viewed in the light most favorable to it, is as follows. The defendant was a resident of the State of Connecticut who owned a house and contents in Townshend, Vermont. The property was insured against fire loss. In the summer of 1977, at Fort Ann, New York, he solicited his stepson to burn the building so that he could collect the insurance. The stepson refused but stated that he would have someone else do it. Further conversations relative to the burning and securing of persons to burn the property, as well as the sums of money to be paid by the defendant to the actors, took place in Enfield, Connecticut.

■ As a result of these conversations and at the urging of the defendant, the stepson engaged three persons in Connecticut. On August 15, 1977, these persons came to Vermont and set fire to the property, completely destroying it. Prior to the fire, the persons who set the fire came to Townshend and inspected the property. The key to the house had been given to them by the defendant in Connecticut. Money for the purchase of gasoline, used as the combustion agent for the fire, was furnished by the defendant, also in Connecticut. The State does not claim that the defendant was present in Vermont at the time of the fire. The evidence fails to establish any act of procuring or counseling committed within this state and, therefore, the trial court lacked jurisdiction of the offenses set forth in the information.

■ The State points out, in support of its claim of jurisdiction in the trial court, that the defendant and his stepson came to Townshend at a time when the defendant knew that the property was going to be burned. While there, they removed certain items of personal property from the house, substituting articles of lesser value. Based upon this evidence alone and even though the record reveals no conversations in Vermont which could be construed as procuring or counseling, the State claims that the trial court obtained jurisdiction by virtue of 13 V.S.A. § 2:

Crimes committed partly outside state
A person who, with intent to commit a crime, does an act within this state in execution or part execution of

such intent, which culminates in the commission of a crime either within or without this state, shall be punished for such crime in this state in the same manner as if the same had been committed entirely within this state.

This claim is without merit. The statute is not applicable unless the act within this state is so related to the crime that if nothing more had followed, it would have amounted to an attempt. The act, not the word, is still the test of jurisdiction. *State* v. *Harrington*, 128 Vt. 242, 250, 260 A.2d 692, 697 (1969). The defendant's acts did not constitute an attempt to commit either crime set forth in the information.

*Judgment and sentence vacated. Judgment of acquittal entered on each count.*