**Joseph J. FRATUS et al.**

v.

**AMERCO et al.**

**No. 89–141–M.P.**

Supreme Court of Rhode Island.

June 5, 1990.

Fred T. Polacek, Michael K. Marran, St. Germain, Rodio & Ursillo, Providence, for plaintiffs.

John H. Blish, Michael P. DiBiase, Blish & Cavanagh, Providence, for defendants.

OPINION

KELLEHER, Justice.

The present dispute has been certified to this court by the United States District

Court for the District of Rhode Island by Chief Judge Francis J. Boyle acting pursuant to the provisions of Rule 6 of the Supreme Court Rules of Appellate Procedure. Rule 6 permits the members of this court to respond to questions of unsettled State law posed by members of the Federal judiciary. The question of law certified to this court reads:

"Whether Rhode Island law imposes joint and several liability on any owner of a rental vehicle not registered or rented in, but negligently operated by the bailee thereof, on the public highways of the State of Rhode Island?"

The inquiry arises as the result of an episode that occurred on June 4, 1985, in the city of Cranston when a truck operated by Joseph T. Obert, Jr. (Obert), a Massachusetts resident, struck plaintiff Joseph J. Fratus (Fratus) while he was employed by the State of Rhode Island as part of a work crew that was making repairs on various portions of Interstate Route 295. As a result of the collision, Fratus suffered severe and permanent injuries that rendered him a paraplegic.

The truck had been leased by Obert in Worcester, Massachusetts, from a rental center operated by U–Haul Co. of Western Massachusetts, a Massachusetts corporation. Obert, who was working on behalf of his employer, American Drywall Company, entered into a one-day rental agreement. Obert was employed as a laborer. On the day in question he was to pick up construction materials in the city of Warwick and return with them to a job site in Massachusetts. The vehicle that Obert was operating was a twenty-foot U–Haul truck. At all relevant times, title to the truck was in the name of U–Haul Co. of Novi, Michigan, a Michigan corporation, which subsequently merged with and was succeeded by defendant Amerco Lease Co. (Amerco), a Nevada corporation. At the time of the Route 295 incident, the truck was registered in Michigan to U–Haul Co. of Lansing, Michigan, which, for administrative purposes, was an abbreviation for U–Haul Co. of Northeastern Michigan, a Michigan corporation. Sometime after this litigation commenced, U–Haul of Northeastern Michigan

merged with U–Haul Co. of Western Michigan, a Michigan corporation, and the current registered owner of the truck. U–Haul of Western Michigan did not file proof of financial responsibility for Obert's truck with the State of Rhode Island.

In December 1988 a jury returned verdicts against Obert and his employer and awarded damages to Fratus, his wife, and his daughter. The awards to Fratus and his daughter were substantial. The jury also returned verdicts in favor of the U–Haul defendants on plaintiffs' claim that the truck operated by Obert had a defective brake system.

However, at trial all the U–Haul defendants took the position that G.L.1956 (1982 Reenactment) chapter 34 of title 31, was not applicable in the present controversy because the truck operated by Obert was not registered in Rhode Island or required to be registered in Rhode Island. They also emphasize that the truck in question was never located or stored in Rhode Island prior to the episode that gave rise to the instant litigation.

In their brief plaintiffs describe the U–Haul rental system as a nationwide chain of rental outlets engaged in the business of renting vehicles and equipment without drivers or operators. They also point out that in each state one or more local corporations are established to coordinate the rentals of the U–Haul vehicles. Although plaintiffs' description of the many facets of the U–Haul enterprise is interesting and informative, it is our belief that the answer to the question posed by Chief Judge Boyle is to be gained from an analysis of the pertinent Rhode Island statutes.

General Laws 1956 (1982 Reenactment) § 31–34–1, as amended by P.L.1982, ch. 28, § 1 provides in pertinent part:

"It shall be unlawful for the owner of any motor vehicle or truck engaged in the business of renting motor vehicles or trucks without drivers to rent a motor vehicle without a driver otherwise than as part of a bona fide transaction involving the sale of such motor vehicle or truck unless he has previously notified

the registry of the intention to so rent such vehicle and has given proof of financial responsibility."

Section 31–34–4 provides in pertinent part: "Any owner of a for hire motor vehicle or truck who has given proof of financial responsibility under this chapter or who in violation of this chapter has failed to give proof of financial responsibility shall be jointly and severally liable with any person operating such vehicle for any damages caused by the negligence of any person operating the vehicle by or with the permission of the owner."

The defendants contend that they have not violated § 31–34–4 because they were under no obligation to file proof of financial responsibility pursuant to § 31–34–1. They argue that § 31–34–4 only requires owners of motor vehicles who have registered their vehicles in the State of Rhode Island to file proof of financial responsibility. The plaintiffs, on the contrary, assert that §§ 31–34–1 and 31–34–4 are separate and independent provisions. The plaintiffs maintain that the General Assembly is vested with the authority to impose vicarious liability on nonresidents and exercised this authority in enacting § 31–34–4.

Pursuant to § 31–34–4, an owner of a for-hire motor vehicle can be held jointly and severally liable for an operator's negligence only if the owner has given proof of financial responsibility or has failed to give proof of financial responsibility in violation of chapter 34 of title 31. Accordingly we shall first address the issue of whether proof of financial responsibility was filed with respect to the truck that was negligently operated by Obert.

█ It is undisputed that defendant U–Haul of Michigan did not file proof of financial responsibility for the specific vehicle that was rented by Obert. However, plaintiffs argue that proof of financial responsibility for the subject vehicle has been filed, in a general sense, because U–Haul

Co. of Rhode Island filed financial statements pursuant to the Motor Vehicle Leasing License section under chapter 5 of title 31. These statements included the consolidated financial statements of Amerco and its subsidiary companies.[1]

This court believes that plaintiffs' contention is without merit. The Rhode Island filing fails to meet the proof-of-financial-responsibility requirement imposed by § 31–34–4 with respect to the U–Haul truck operated by Obert. The vehicle rented by Obert was leased from U–Haul Co. of Western Massachusetts and registered by U–Haul Co. of Michigan. The rental vehicle had no connection with U–Haul Co. of Rhode Island. Accordingly the financial statements filed by U–Haul Co. of Rhode Island are insufficient to meet the requisite proof of financial responsibility for Obert's specific rental vehicle.

█ We next turn to the question of whether defendants have failed to give proof of financial responsibility in violation of chapter 34 of title 31. The defendants assert that the financial-responsibility provisions of chapter 34 apply only to those vehicles that are registered in Rhode Island or that are required to be registered in Rhode Island. The plaintiffs, on the other hand, argue that § 31–34–4 imposes a duty on all owners of rental vehicles that will or may be operated on public highways in Rhode Island to file proof of financial responsibility.

A review of the relevant regulations is instructive in analyzing this issue. We emphasize that "this court attributes great weight to an agency's construction of a regulatory statute when the statute's provisions are unclear." *Defenders of Animals, Inc. v. Department of Environmental Management,* 553 A.2d 541, 543 (R.I. 1989). Regulation 2.0, promulgated to administer §§ 31–34–1 and 31–5–33,[2] sets forth the underlying policy of the statutory provisions:

---

1. U–Haul Co. of Rhode Island has never been involved in the present controversy.

2. The Division of Motor Vehicles, part of the Department of Transportation, licenses all motor-vehicle-leasing businesses within the State of Rhode Island pursuant to G.L.1956 (1982 Reenactment) § 31–5–33.

"It is the policy of the Rhode Island Department of Transportation that every party engaged in leasing of vehicles *in this State* shall first obtain a license from the Division of Motor Vehicles. In addition, it is the policy of this Department to deny such a license to any party which is unable to satisfactorily demonstrate the financial ability to promptly pay any final judgment that might be rendered against it." (Emphasis added.)

Regulation 6.1 reads:

"The owner of any motor vehicle offered for lease *in this State* by a motor vehicle lessor shall provide proof of financial responsibility to the Division of Motor Vehicles as required by Section 31–34–1 of the General Laws." (Emphasis added.)

These regulations explicitly apply the requirement of proof of financial responsibility to vehicles leased "in this State." Additionally Regulation 6.3 provides that the motor-vehicle registry shall cancel the registration of a rental motor vehicle whenever the owner has failed to maintain proof of financial responsibility. *See also* § 31–34–5. This regulation also supports defendants' contention that a relationship exists between registration in Rhode Island and application of the financial-responsibility requirements set forth in chapter 34 of title 31.

It is our opinion that the pertinent statutory provisions, read in conjunction with the regulations, clearly establish that the duty to file proof of financial responsibility is limited to owners of vehicles that are registered in Rhode Island or that are required to be registered in Rhode Island. If we were to accept plaintiffs' alternative interpretation, the imposition of a penalty of cancellation of registration for failure to submit proof of financial responsibility would be futile. This would violate a fundamental principle of statutory construction that obligates a court "to give, if possible, effect to all of the act's provisions, with no sentence, clause, or word construed as unmeaning or surplusage." *In re Rhode Island Commission for Human Rights*, 472 A.2d 1211, 1212 (R.I.1984). "Where one provision is part of the overall statutory scheme, the legislative intent must be gathered from the entire statute and not from an isolated provision." *State v. Caprio*, 477 A.2d 67, 70 (R.I.1984).

Furthermore, pursuant to § 31–34–6, "Any person who violates any of the provisions of this chapter shall be guilty of a misdemeanor." If defendants have failed to file proof of financial responsibility in violation of chapter 34 of title 31, as plaintiffs contend, then it follows that defendants are guilty of a misdemeanor. This application would lead to the absurd conclusion that every owner of a leased vehicle who failed to file proof of financial responsibility in Rhode Island, regardless of the location or registration of that vehicle, would be guilty of a criminal offense in Rhode Island. As a general rule, criminal laws do not operate beyond the territorial limits of the state in which they are enacted. *See Hardy v. Betz*, 105 N.H. 169, 195 A.2d 582 (1963); *In re Adoption of Lunger*, 28 N.J.Super. 614, 101 A.2d 370 (1953). "The penal laws of a state are enacted as an exercise of sovereignty and are thus restricted in their application to places within the boundaries of the state." *State v. Huginski*, 139 Vt. 95, 97–98, 422 A.2d 935, 937 (1980) (citing *State v. Baldwin*, 305 A.2d 555, 559 (Me.1973)). Moreover, this court believes that the Legislature never intended this statute to be applied outside this state.

It is our opinion that defendants were not obligated to give proof of financial responsibility pursuant to chapter 34 of title 31. Consequently they have not violated the provisions of chapter 34. It is this court's belief that § 31–34–4, which imposes liability on owners of rental vehicles for negligence of an operator, does not apply to the bailment at issue in this litigation. The U–Haul vehicle that was negligently operated by Obert was situated and leased in Massachusetts and was registered in Michigan. We do not believe that § 31–34–4 can be applied extraterritorially to a Massachusetts bailment.

By enacting § 31–34–4, the Legislature expressly restricted the liability of owners of rental vehicles for the negligence of

operators to owners who have given proof of financial responsibility or owners who have failed to give proof of financial responsibility in violation of chapter 34 of title 31. The defendants have not submitted proof of financial responsibility, nor did they have a duty to file proof of financial responsibility. Accordingly the defendants are not jointly and severally liable for the negligence of Obert under Rhode Island law.

For the reasons stated, we answer the question certified to this court by the United States District Court for the District of Rhode Island in the negative.