**Peter R. VICTORIA**

v.

**Jeremy R. SMYTHE and Alamo Rent–A–Car.**

**No. 96–367–Appeal.**

Supreme Court of Rhode Island.

Dec. 18, 1997.

Paul A. Anderson, Providence, for Plaintiff.

Kevin M. Cain, Providence, for Defendants.

Before WEISBERGER, C.J., and LEDERBERG, BOURCIER, FLANDERS and GOLDBERG, JJ.

## OPINION

PER CURIAM.

This case comes before us on the appeal of the plaintiff, Peter R. Victoria (Victoria), from a summary judgment entered in the Superior Court in favor of the defendant Alamo Rent–A–Car (Alamo). We reverse the summary judgment and remand for further proceedings. The facts of the case insofar as pertinent to this appeal are as follows.

Victoria, a resident of Rhode Island, was struck head-on by an automobile driven by Jeremy R. Smythe, a.k.a. Jeremy R. Symthe, (Smythe) in the town of Exeter, Rhode Island on July 10, 1990. Temporarily blinded by the strong glare of the sun, Smythe had crossed into Victoria's lane of travel. The vehicle driven by Smythe was owned by Alamo, a Florida-based automobile-rental corporation which has branches throughout the United States. The automobile was rented from an Alamo office at the Newark International Airport in New Jersey on July 6, 1990.

At the time of the rental Smythe was a resident of the United Kingdom. He had no liability insurance.

As a part of the agreement between Smythe and Alamo, liability coverage was extended to Smythe, covering bodily injury, death, or property damage, up to the minimum required by state law (presumably as related to each state in which the car might be driven). When Smythe returned the car, the odometer indicated that the vehicle had been driven 1,976 miles from July 6 through July 13, 1990. At the time of this rental agreement Alamo had no office in Rhode Island. The vehicle in question had been registered in the State of New Jersey.

In granting summary judgment in favor of Alamo, the trial justice apparently relied upon our opinion in *Fratus v. Amerco,* 575 A.2d 989 (R.I.1990). In that case this court answered a certified question from the United States District Court for the District of Rhode Island in respect to the vicarious liability of a rental-car company for the negligence of its driver. *Id.* at 990. The question of law certified to the court was as follows:

> "Whether Rhode Island law imposes joint and several liability on any owner of a rental vehicle not registered or rented in, but negligently operated by the bailee thereof, on the public highways of the State of Rhode Island." *Id.*

We held essentially that a rented vehicle registered in Michigan and leased in Massachusetts was not subject to G.L.1956 §§ 31–34–1 and 31–34–4 which require of rental-vehicle owners that have rented or registered their vehicles in the State of Rhode Island to file proof of financial responsibility. 575 A.2d at 991–92. Pursuant to § 31–34–4 owners who fail to do so shall be jointly and severally liable for the negligence of the driver of such vehicle. 575 A.2d at 991. We stated that Rhode Island had no power to give extraterritorial effect to the requirement of proof of financial responsibility to an out-of-state rental company whose vehicle was also registered outside the State of Rhode Island. *Id.* at 992–93. We held that the Legislature, by enacting § 31–34–4, expressly restricted the liability of owners of rental vehicles for the negligence of operators to

owners that have given proof of financial responsibility or owners that have failed to give proof of financial responsibility in violation of chapter 34 of title 31. 575 A.2d at 991. In that case we observed that the rental corporation, U–Haul Co. of Western Massachusetts, had no obligation to file such proof of financial responsibility and was, therefore, not jointly and severally liable for the negligence of the driver. *Id.* at 992.

In the case at bar Alamo, a Florida corporation with a principal place of business in Fort Lauderdale, Florida, was subject to Florida law both as a corporation domiciled in Florida and in accordance with the terms of its lease agreement under which Florida law was declared to be controlling. In *Wal–Mart Stores, Inc. v. Budget Rent–A–Car Systems,* 567 So.2d 918 (Fla.Dist.Ct.App.1990), the District Court of Appeals for the State of Florida held that Budget, a Florida car-rental company, which leased a vehicle in Florida that was involved in an accident in Georgia was jointly and severally liable for the negligence of its driver even though Georgia's law would not have imposed vicarious liability on the owner. This holding was based upon Florida's dangerous-instrumentality doctrine as enunciated in *Wal–Mart,* 567 So.2d at 921. *See also Rouse v. Greyhound Rent–A–Car, Inc.,* 506 F.2d 410, 413 (5th Cir.1975), and cases cited therein.

In determining the applicable law in this case, this court should engage in a determination that includes several factors. One of these factors would be the determination of the jurisdiction that has the greatest interest in the outcome of the case. Certainly Rhode Island and Florida would be the jurisdictions with the greatest interest in determining the liability of the rental owner. Rhode Island has an interest in protecting its residents. Florida has an interest in controlling corporations that are domiciled in Florida and regulated by its law. In *Woodward v. Stewart,* 104 R.I. 290, 299, 243 A.2d 917, 923 (1968), we adopted a conflict-of-laws principle that might be termed an "interest-weighing approach." In so doing, we employed five guidelines: "(1) [p]redictability of results[,] (2)[m]aintenance of interstate and international order[,] (3)[s]implification of the judi-

cial task[,] (4) advance of the forum's governmental interest[, and] (5)[a]pplication of the better rule of law." *Id.* at 300, 243 A.2d at 923.

 We have applied this interest-weighing approach in subsequent cases. *See, e.g., Berardi, U.S.A., Ltd. v. Employers Mutual Casualty Co.,* 526 A.2d 515, 516–17 (R.I. 1987); *Pardey v. Boulevard Billiard Club,* 518 A.2d 1349, 1351 (R.I.1986); *Brown v. Church of The Holy Name of Jesus,* 105 R.I. 322, 325, 252 A.2d 176, 178 (1969). In the case at bar the Florida rule would, in our judgment, be the better rule.

These days, when car-rental companies may rent to drivers like Smythe who have no liability insurance of their own, the companies should properly be liable for injuries caused by the negligence of their rental drivers in any state in which they operate. Florida law recognizes this obligation. Unfortunately Rhode Island law as interpreted in *Fratus* does not. Consequently the Florida law is preferable. Apparently New Jersey law does not recognize vicarious liability, but its interest in this controversy is minimal and only the result of a fortuitous presence of a rental office at an international airport. We are, therefore, of the opinion that Florida law should apply. This opinion is strengthened by the lease agreement under which Alamo recognized the absence of any liability coverage for Smythe and agreed to provide minimal coverage. Under Florida law this minimal coverage would not limit Alamo's liability for the full amount of the negligence of the driver. *See Wal–Mart,* 567 So.2d at 921. Further, the lease agreement provided that its terms would be governed by Florida law.

Consequently we believe that the Superior Court should apply Florida law in the determination of Alamo's liability. Therefore, the plaintiff's appeal is sustained. The summary judgment entered in the Superior Court is vacated, and the case is remanded to that court for trial with the direction that Florida law should govern the liability of Alamo to the plaintiff.