[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION
Before this Court is Defendant BMW Financial Services, N.A., LLC's (BMW) motion for summary judgment pursuant to Super. R. Civ. P. 56. Robert and Cathy Andreozzi and their daughter, Tori Andreozzi, (hereinafter "Plaintiffs") filed a timely objection to Defendant's motion. Oral arguments were presented on June 28, 2004. For the reasons set forth below, Defendant's motion is denied.
 FACTS AND TRAVEL
On February 10, 2001, Defendant Marilyn Brownell (Brownell) in her capacity as president and authorized representative of Defendant MCB Productions, LTD. entered into a lease with Defendant BMW. The subject of that lease agreement was a 2001 BMW 325 IT. In order to enter into that lease, Defendant Brownell furnished proof of financial responsibility through her own policy of automobile insurance. Defendant BMW was licensed to lease vehicles in Rhode Island in accordance with G.L. 1956 §31-5-33(b), and pursuant to chapter 34 of title 31, had also filed proof of financial responsibility with the Division of Motor Vehicles in order to obtain that license. It is undisputed that BMW was the owner and Marilyn Brownell was an authorized driver of that vehicle, according to the terms of the three (3) year lease agreement.
On March 26, 2003, Plaintiff Tori Andreozzi, was struck by the aforementioned vehicle operated by Defendant Marilyn Brownell. The sole issue before the Court is whether BMW is an appropriate party to the instant litigation pursuant to §§ 31-34-4 and31-33-6, statutes that have been referred to collectively as the "vicarious liability statutes." Oliveira v. Lombardi,794 A.2d 453, 455 (R.I. 2002).
 STANDARD OF REVIEW
"Summary judgment foreclosing and determining a party's interest and/or liability in pending litigation short of trial is understandably an abrupt manner of disposing of a pending legal action, utilization of which we have referred to as being drastic, and because so, should be applied cautiously by the hearing justice." Lopes v. Phillips, 680 A.2d 65, 66 (R.I. 1996) (internal citations omitted). "The function of the motion justice considering a proposed summary-judgment motion is not to cull out the weak cases from the herd of lawsuits waiting to be tried. Rather, only if the case is legally dead on arrival should the court take the drastic step of administering last rites by granting summary judgment." Mitchell v. Mitchell, 756 A.2d 179,185 (R.I. 2000). The Court may not pass on the weight or credibility of the evidence, but rather consider the pleadings and affidavits before it in the light most favorable to the opposing party. Palmisciano v. Burrillville Racing Ass'n.,603 A.2d 317 (R.I. 1992). "[T]he opposing parties will not be allowed to rely upon mere allegations or denials in their pleadings. Rather, by affidavits or otherwise they have an affirmative duty to set forth specific facts showing that there is a genuine issue of material fact." Bourg v. Bristol Boat Co., 705 A.2d 969
(R.I. 1998) (citing St. Paul Fire Marine Insurance Co. v.Russo Brothers, Inc., 641 A.2d 1297, 1299 (R.I. 1994); Super. R. Civ. P. Rule 56(e)).
 VICARIOUS LIABILITY STATUTES
The essence of Defendant BMW's argument is that pursuant to G.L. § 31-33-6,[1] owners of vehicles are subject to vicarious liability for harm caused by negligence of authorized drivers, unless the driver has posted his or her own proof of financial responsibility prior to an accident. Thus, BMW contends, the posting of financial responsibility by Defendant Brownell prior to the accident absolves BMW from liability in this matter. In support of its contention, BMW cites the Rhode Island Supreme Court decision of Oliveira v. Lombardi,794 A.2d 453 (R.I. 2002): "for consenting [rental car] owners . . . to protect themselves from liability under § 31-33-6, the authorized drivers of the leased vehicles must have provided proof of financial responsibility before the accident occurred." Id.,794 A.2d at 460. BMW then takes the argument one step further, and argues that the posting of proof of financial responsibility by Defendant Brownell not only precludes liability for BMW under G.L. § 31-33-6, but also removes BMW from the scope of G.L. §31-34-4.[2]
Plaintiffs acknowledge that § 31-33-6 applies to non-commercial situations in which the owner authorizes a driver to use a vehicle and does, in fact, release the owner from liability if the driver has posted his own proof of financial security prior to an accident. Conversely, Plaintiffs contend that § 31-34-4
controls in this case, as it applies only to commercial ventures engaged in renting or leasing vehicles, citing Victoria v.Smythe, 703 A.2d 619 (R.I. 1997) and Fratus v. Amerco,575 A.2d 989 (R.I. 1990) in support of their position. Moreover, Plaintiffs claim that by its clear and unambiguous terms, §31-34-4 instructs that any owner of a "for hire" motor vehicle is jointly and severally liable for the negligence of an authorized driver, thus extinguishing the possibility of release from negligence available to non-commercial owners under §31-33-6. Plaintiffs also cite Oliveira in support of this position, quoting that Court's reference that the "lessor-liability statute clearly and unambiguously provides that `any owner of a for hire motor vehicle shall be jointly and severally liable' for a consensual operator's negligence."Oliveira, 794 A.2d at 462.[3]
The canons of statutory construction guide this Court. Defendant BMW, in its Memorandum in Support of it Motion for Summary Judgment, has extensively explored the legislative history of the statutes at issue and has attempted to support its position that G.L. § 31-33-6 trumps G.L. § 31-34-4 through its analysis of certain canons of statutory construction. Plaintiff argues that the Supreme Court has deemed the language of G.L. §31-34-4 "clear and unambiguous," and that this Court may not "engage in interpretive machinations to create ambiguity where none exists." Plaintiff's Memorandum in Support of Motion for Summary Judgment, citing Oliveira v. Lombardi, 794 A.2d 453,562. However, the Oliveira Court also determined that "the language of G.L. § 31-33-6 [was also] clear: an owner, having consented to the use of its vehicle by another driver, is liable for the negligence of that driver `unless the driver shall have furnished proof of financial responsibility in the amount set forth in chapter 32 of this title, prior to the accident.'"Id., 794 A.2d at 460. Thus, even though the defendants inOliveira were found to be owners under § 31-33-6, the Court decided that the latter statute was inapplicable, as no evidence was offered regarding the driver's offer of proof of financial responsibility. In the instant case, the driver did, in fact, offer proof of financial responsibility.
This Court need not reach that issue, however, because G.L. §31-34-4 must control in this situation. Where reasonable minds may differ on the interplay of two legislative enactments, as in this case, the legislature has provided a tool the Court may utilize for clarification, enacted in G.L. 1956 § 43-3-26, which states:
 "[w]herever a general provision shall be in conflict with a special provision relating to the same or to a similar subject, the two (2) provisions shall be construed, if possible, so that effect may be given to both; and in those cases, if effect cannot be given to both, the special provision shall prevail and shall be construed as an exception to the general provision."
In this case, the general provisions of § 31-33-6 clearly requireany owner of a vehicle registered in Rhode Island to share liability for harm caused by the negligent acts of a driver who has the permission of the owner to operate the vehicle, and has not provided proof of financial responsibility prior to an accident.
According to the more specific provisions of G.L. § 31-34-4, "[a]ny owner of a for hire motor vehicle or truck" subject toRhode Island's financial responsibility laws "shall be jointly and severally liable with any person operating the vehicle for any damages caused by the negligence of any person operating the vehicle by or with the permission of the owner." (Emphasis added.) The mandatory nature of the imposition of joint and several liability on any owner of a for hire vehicle is specific and unambiguous;[4] thus, with the aid of G.L. §43-3-26, this Court need not delve into obscure wording in order to apply the law. This interpretation is supported by a longstanding canon of statutory construction: "Where there is no clear intention otherwise, a specific statute will not be controlled or nullified by a general one, regardless of the priority of enactment." Morton v. Mancari, 417 U.S. 535,550-51, 41 L.Ed.2d 290, 94 S.Ct. 2474 (1974); see alsoUnited States v. Romani, 523 U.S. 517, 530-31,140 L.Ed.2d 710, 118 S.Ct. 1478 (1998); Radzanower v. Touche Ross Co.,426 U.S. 148, 153, 48 L.Ed.2d 540, 96 S.Ct. 1989 (1976);United States v. Ware, 161 F.3d 414, 423 (6th Cir. 1998) ("There is an additional canon of statutory construction which dictates that the specific statute controls over the more general provision.").
The United States Supreme Court has elaborated:
 "[the] classic judicial task of reconciling many laws enacted over time, and getting them to `make sense' in combination, necessarily assumes that the implications of a statute may be altered by the implications of a later statute." This is particularly so where the scope of the earlier statute is broad but the subsequent statutes more specifically addresses the topic at hand As we recognized recently in United States v. Estate of Romani, "a specific policy embodied in a later federal statute should control our construction of the [earlier] statute, even though it has not been expressly amended." Food and Drug Administration v. Brown Williamson Tobacco Corp., 529 U.S. 120, 143, 146 L.Ed.2d 121, 120 S.Ct. 1291 (2000) (citations omitted).
The Rhode Island Supreme Court further explains that:
 "the general rule of statutory construction clearly provides that when a statute of general application conflicts with a statute that specifically deals with a special subject matter, and when the two statutes cannot be construed harmoniously together, the special statute prevails over the statute of general application. This rule of construction is set forth in G.L. 1956 § 43-3-26." Sheldon Whitehouse v. Matthew Moran, 808 A.2d 626 (R.I. 2002).
Accordingly, G.L. § 31-34-4, which is the more specific statute, governs in the instant case. The fact that Defendant Brownell filed proof of financial responsibility does not serve to release Defendant BMW from potential liability. For the reasons set forth above, Defendant BMW's Motion for Summary Judgment is denied.
[1] General Laws 1956 § 31-33-6 provides:
 "Owner's liability for acts of others. — Whenever any motor vehicle shall be used, operated, or caused to be operated upon any public highway of this state with the consent of the owner, lessee, or bailee, expressed or implied, the driver of it, if other than the owner, lessee, or bailee, shall in the case of an accident be deemed to be the agent of the owner, lessee, or bailee, of the motor vehicle unless the driver shall have furnished proof of financial responsibility in the amount set forth in chapter 32 of this title, prior to the accident. For the purposes of this section, the term "owner" includes any person, firm, copartnership, association, or corporation having the lawful possession or control of a motor vehicle under a written sale agreement."
[2] General Laws 1956 § 31-34-4 provides:
 "Liability of owner for negligence of operator. — (a) Any owner of a for hire motor vehicle or truck who has given proof of financial responsibility under this chapter or who in violation of this chapter has failed to give proof of financial responsibility, shall be jointly and severally liable with any person operating the vehicle for any damages caused by the negligence of any person operating the vehicle by or with the permission of the owner. Nothing in this section shall be construed to prevent an owner who has furnished proof of financial responsibility or any person operating the vehicle from making defense in an action upon the ground of contributory negligence to the extent to which the defense is allowed in other cases.
 (b) Notwithstanding the provisions of subsection (a) of this section, or any provisions contained under title 31 to the contrary, the valid and collectable liability insurance or self-insurance providing coverage or liability protection for third party liability claims arising out of the operation of the rental vehicle shall be primary for the lessor or any person operating the motor vehicle, with the express permission of the lessor unless otherwise stated in at least ten (10) point type on the face of the rental agreement. That insurance or self-insurance is primary only up to the limits required under § 31-31-7.
 (c) `Lessor' includes any entity in the business of renting motor vehicles pursuant to a written rental agreement."
[3] It must be noted that G.L. § 31-34-4 was amended by 2003 R.I. Pub. Laws ch. 117 § 2 to modify the vicarious liability imposed on lessors and limit the lessor's liability to the difference between the lessee's insurance coverage and the required minimum amounts of $100,000 for bodily injuries to any one person in any one accident, $300,000 bodily injury in any one accident, and $50,000 property damage in any one accident. This change only affected leases written after July 7, 2003, and thus is inapplicable to the lease at issue in this case. Further, the amendment was subject to a "sunset" provision which required a reversion back to the former law as of July 1, 2004.
[4] Thirteen jurisdictions impose potential vicarious liability on lessors of motor vehicles, twenty one jurisdictions have either statutory or case law indicating that lessors will not be held vicariously liable for the acts of lessees, and seventeen jurisdictions have no established policy. Kenneth J. Rojc 
Kathleen E. Stendahl, Vicarious Liability of Motor VehicleLessors, 59 A.B.A Sec. Bus. Law 1161 (2004).