Patricia Ann FELCH

v.

AIR FLORIDA, INC., et al.

AMERICAN MOTORISTS INSURANCE COMPANY, Appellant,

v.

UNITED STATES of America.

No. 88–5134.

United States Court of Appeals, District of Columbia Circuit.

Argued Dec. 13, 1988.

Decided Feb. 7, 1989.

**1522**

David Stratton, with whom Edward J. Lopata and David P. Durbin were on the brief, for appellant. Mary Ann Snow, Washington, D.C., also entered an appearance for appellant.

Patricia M. Tazzara, Rockville, Md., with whom Joseph Montedonico, Fairfax, Va., was on the brief, for appellee.

Before WALD, Chief Judge, and ROBINSON and EDWARDS, Circuit Judges.

Opinion for the Court filed by Circuit Judge HARRY T. EDWARDS.

HARRY T. EDWARDS, Circuit Judge:

American Motorists Insurance Co. ("AMI" or "appellant") appeals from a judgment of the District Court, holding that, under Virginia law, a reimbursement due to AMI pursuant to a workers' compensation lien against the appellee, Patricia Ann Felch, was subject to a set-off for reasonable legal costs and attorney's fees. AMI also argues that the District Court erred in not finding the amount of fees to be unreasonable, and in failing to award prejudgment interest on the amount due under the lien.

We hold that the District Court correctly applied the District of Columbia's "choice of law" doctrine in concluding that the state of Virginia, the appellee's place of employment and residence, had a greater interest in having its workers' compensation laws applied than did the District of Columbia. Under Virginia law, AMI was required to pay a *pro rata* share of the reasonable attorney's fees generated by the appellee's counsel. We also hold that AMI is barred from pursuing any claims regarding either the reasonableness of attorney's fees or prejudgment interest, because these matters were never raised before the District Court.

I. BACKGROUND

Patricia Ann Felch brought a diversity action in the District Court against Air Florida, Inc., American Airlines, Inc., and the Boeing Company for damages she suffered as a result of the January 13, 1982, Air Florida aircraft crash in the District of Columbia. At the time of the accident, the appellee resided in Virginia and worked for GTE Electronics, Inc. ("GTE"), in McLean, Virginia. She had boarded the Air Florida flight in order to attend a business trip for GTE in Florida.

Felch also applied for workers' compensation benefits in the District of Columbia. AMI was GTE's carrier for workers' compensation. AMI opposed jurisdiction in the District of Columbia, arguing that the appellee had insufficient contacts with the city to fall within the compass of the District's workers' compensation statute. An administrative law judge agreed that Felch had insufficient contacts with the District of Columbia. *Felch v. GTE Electronics, Inc.*, No. 82–DCW–646 (Dep't of Labor, April 4, 1983). The appellee then applied for workers' compensation benefits in Virginia and received $78,637.44 under AMI's policy.

After the Virginia workers' compensation action was completed, AMI moved to intervene in the District Court action in order to assert a lien for compensation benefits that had been paid to the appellee. The District Court granted AMI's motion on July 8, 1982. *Felch v. Air Florida, Inc.,* No. 82–399, slip op. (D.D.C. July 8, 1982). The appellee's counsel then requested that AMI agree to contribute a *pro rata* share of the legal costs and expenses involved in pursuing the claim against the airlines. AMI agreed to advance those costs only if it would be reimbursed in full once a recovery was made. No agreement, however, was reached on this issue, and it is the subject of this suit.

The original parties to the appellee's action in District Court eventually settled their suit, with the appellee receiving a sum in excess of the workers' compensation lien. AMI agreed to release the original defendants in its suit in intervention, in exchange for payment of its compensation lien out of the settlement award. In December 1983, the appellee's counsel forwarded to AMI the amount of the lien, less $38,637.44, the amount it had calculated as AMI's *pro rata* share of reasonable legal costs and expenses. The $38,637.44 amount was put in an escrow account, pending resolution of AMI's remaining claims.

On November 13, 1984, AMI moved for summary judgment against the appellee to recover that part of the settlement proceeds that the appellee's counsel had withheld in escrow. On March 14, 1988, the District Court determined that the law of Virginia applied and that, therefore, the appellee was entitled to recover a *pro rata* share of reasonable costs and attorney's fees. *See* VA.CODE ANN. § 65.1–43 (1987). Specifically, the trial court held that the appellee could charge $23,153.33 against the compensation lien (29% of the full lien, plus minimal costs) for her counsel's work in prosecuting the claims against the airlines. The court ordered the remaining $15,484.11 that counsel held in escrow to be paid to AMI. *Felch v. Air Florida, Inc.,* No. 82–0399, slip op. (D.D.C. Mar. 14, 1988) [1988 WL 26088]. AMI filed the instant appeal.

## II. ANALYSIS

### A. *Standard of Review*

In reviewing a judgment of the District Court, this court must first assure itself "that the District Court discerned and applied the proper legal standard." *Cuddy v. Carmen,* 762 F.2d 119, 123 (D.C.Cir.), *cert. denied,* 474 U.S. 1034, 106 S.Ct. 597, 88 L.Ed.2d 576 (1985). This court treats choice of law issues as matters of law over which it exercises *de novo* review. *See, e.g., Eli Lilly and Co. v. Home Ins. Co.,* 764 F.2d 876 (D.C.Cir.1985). Accordingly, our first task is to determine whether the District Court correctly chose Virginia law to assess the carrier's liability for attorney's fees in a third-party suit on a workers' compensation lien.

### B. *Choice of Law*

In our analysis of the choice of law issue, we are guided by this court's recent decision in *Bledsoe v. Crowley,* 849 F.2d 639 (D.C.Cir.1988):

> To determine the applicable law in a diversity case, a federal court must follow the choice of law rules of the forum state. *Klaxon Co. v. Stentor Elec. Mfg. Co.,* 313 U.S. 487, 496, 61 S.Ct. 1020, 1021, 85 L.Ed. 1477 (1941). Therefore, in this case, adhering to the rules of the District of Columbia, we must apply a "governmental interest analysis," which requires a court "to evaluate the governmental policies underlying the applicable conflicting laws and to determine which jurisdiction's policy would be most advanced by having its law applied to the facts of the case under review." *Williams v. Williams,* 390 A.2d 4, 5–6 (D.C.1978); *see also Gaither v. Myers,* 404 F.2d 216, 222–24 (D.C.Cir.1968); *Rong Yao Zhou v. Jennifer Mall Restaurant, Inc.,* 534 A.2d 1268, 1270–71 (D.C.1987). Under this approach, potential conflicts of law are assessed as follows:
>
> > When the policy of one state would be advanced by application of its law, and

that of another state would not be advanced by application of its law, a false conflict appears and the law of the interested state prevails. Where each state would have an interest in application of its own law to the facts, a true conflict exists and the law of the jurisdiction with the stronger interest will apply.

*Biscoe v. Arlington County*, 738 F.2d 1352, 1360 (D.C.Cir.1984) (footnote omitted), *cert. denied*, 469 U.S. 1159, 105 S.Ct. 909, 83 L.Ed.2d 923 (1985).

*Id.* at 641 (footnote omitted).

It is at best unclear whether there is any real conflict of law in this case, for it appears that only the policy underlying Virginia's law is affected by the resolution of the matters in issue. The District of Columbia Workers' Compensation Act provides that if a claimant institutes proceedings against a third party for compensation for injuries covered by workers' compensation, then the carrier shall be required to pay as compensation only "a sum equal to the excess of the amount ... payable on account of such injury ... over the amount recovered against such third person." D.C. CODE ANN. § 36–335(f) (1988). *See Meiggs v. Associated Builders, Inc.*, 545 A.2d 631 (D.C.App.1988) ("If the employee recovers civil damages in ... subsequent proceedings [after accepting a workers' compensation award from the employer or insurance carrier], the employer [or carrier] is 'required to pay' to the employee *only* for the amount by which the workers' compensation award *exceeds* the civil damage award." *Id.* at 638 (citation omitted)). The Act says nothing about the right of an employee to seek attorney's fees from the employer or carrier in connection with a third-party action for civil damages. In other words, it appears that the policy underlying the District of Columbia law is principally concerned with avoiding double payments on workers' compensation awards. *Id.* at 637–38. This policy is not directly infringed when an employer or carrier is required to share in the payment of attorney's fees associated with an action against a third party for civil damages. This is so because, by virtue of its lien, the employer or carrier has first claim against any judgment in favor of the employee resulting from such a civil action.

Under Virginia workers' compensation law, the matter of reimbursement for attorney's fees is dealt with in express terms. The Virginia statute states that, if an employee succeeds in recovering against a third party, "the reasonable expenses and reasonable attorney's fee ... shall be apportioned *pro rata* between the employer [or carrier] and the employee...." VA. CODE ANN. § 65.1–43 (1987). This provision relieves the employee from some of the expense of the tort litigation while apportioning that fee to the other party who benefits, namely the compensation carrier whose lien is perfected as a result of the employee's suit. *See Sheris v. Travelers Ins. Co.*, 491 F.2d 603 (4th Cir.), *cert. denied*, 419 U.S. 831, 95 S.Ct. 54, 42 L.Ed.2d 56 (1974).

In light of the foregoing, we find that only Virginia's policy would be advanced by an application of its law in this case. In other words, "a false conflict appears and [so] the law of the interested state prevails." *Biscoe*, 738 F.2d at 1360. Even if the Virginia and District of Columbia laws can be viewed to be in conflict, we hold that Virginia law controls because that jurisdiction's policy would be most advanced by having its law applied to the facts of the case under review. No matter how the case is analyzed, Virginia is "the jurisdiction with the stronger interest." *Id.*

Virginia's interest in a "policy of shared expenses would be furthered because the contacts of plaintiff and her workers' compensation claim to Virginia are extensive." *Felch v. Air Florida, Inc.*, No. 82–0399, slip op. at 15 (D.D.C. Mar. 14, 1988). At the time of the accident, the appellee was a resident of Virginia. Her employment contract was entered into in Virginia. She worked at GTE's Virginia offices. She was injured en route to Florida on a business trip for her Virginia employer. Thus, we agree with the District Court that "the relationship that brings the workers' compensation statute into play—that between plaintiff and her employer GTE—is clearly

located in Virginia, not Washington, D.C." *Id.* The only D.C. contacts that the appellee had were the plane crash, the D.C. bank from which she drew her paychecks, and GTE's D.C. offices, which the appellee never visited. Clearly, Virginia's workers' compensation policies, not D.C.'s, were most relevant to the appellee and to her case.

### C. *The Reasonableness of the Attorney's Fee*

■ AMI argues that, even if Virginia law applies, the District Court erred in not finding the *pro rata* share of attorney's fees calculated by the appellee to be unreasonable in amount. This issue was not raised below, however, because AMI never pursued any particularized challenge to the legal fees that the appellee claimed to have incurred. Thus, having failed to properly raise the issue below, the appellant has waived any claim regarding the reasonableness of attorney's fees. *See District of Columbia v. Air Florida, Inc.,* 750 F.2d 1077, 1078–79 (D.C.Cir.1984); *Brown v. Collins,* 402 F.2d 209, 213 (D.C.Cir.1968).

Moreover, the District Court did find that the amount of legal fees was "determined reasonably and equitably." *Felch,* No. 82–0399, slip op. at 17 (D.D.C. Mar. 14, 1988). Since the appellant offered no evidence to contradict this finding, we have no basis upon which to overturn the judgment of the District Court.

### D. *Prejudgment Interest*

■ The final point raised by AMI concerns its claim for prejudgment interest on the amount due under the lien. AMI argues that the District Court erred in not resolving AMI's claim for an award of interest on the funds that were held in escrow on behalf of the appellant. Because the trial court's judgment on this issue was unclear in the original record, we remanded

the record to the District Court for an explanation of its disposition of AMI's request for prejudgment interest. *See Felch,* No. 82–0399, memo. op. (D.C.Cir. Dec. 14, 1988). The District Court responded that it did not rule on the issue of prejudgment interest because the issue was never pursued at trial. The District Court reasonably explained that AMI had made no mention of "prejudgment interest" in either its motion to intervene, its complaint, its praecipe for the District Court describing its workers' compensation lien, or its motion for summary judgment. *See Felch,* No. 82–0399, slip op. at 2 (D.D.C. Dec. 22, 1988). In arguing for summary judgment in the District Court, AMI did note a dispute over whether the escrow account was interest-bearing; however, AMI never made a claim for prejudgment interest. Indeed, AMI stated explicitly that the dispute over the facts surrounding the escrow account was " 'not material to the ... Motion' " for summary judgment. *Id.* at 4 (quoting Reply Brief for AMI at 4).

In light of the record before us, we cannot find that the District Court erred in declining to award prejudgment interest. AMI did not properly raised this issue before the District Court, so the trial court was not obliged to consider it.[1] Because the matter was never presented to the District Court, AMI is barred from pursuing the matter on appeal. *See District of Columbia v. Air Florida, Inc.,* 750 F.2d at 1078–79; *Brown v. Collins,* 402 F.2d at 213.

### III. Conclusion

For the foregoing reasons, we affirm the judgment of the District Court.

*Affirmed.*

---

1. "A federal court sitting in diversity must look to local law to determine the availability of prejudgment interest." *Schneider v. Lockheed Aircraft Corp.,* 658 F.2d 835, 855 (D.C.Cir.1981) (citation omitted), *cert. denied,* 455 U.S. 994, 102 S.Ct. 1622, 71 L.Ed.2d 855 (1982). It appears that neither common law nor statute in the District of Columbia provide for the award of prejudgment interest in connection with tort actions. *Id.* at 856–57. Under Virginia law, a court retains *discretion* to order any party that is not immune to pay prejudgment interest on a judgment. *See George Hyman Constr. Co. v. Washington Metro. Area Transit Auth.,* 816 F.2d 753, 760 (D.C.Cir.1987). The main point here is that neither Virginia nor the District of Columbia *requires* the award of prejudgment interest in a case of this sort.