546 So.2d 449 (1989)
Pernell BARKER, Appellant,
v.
Vonnie Rene ANDERSON, Wal-Mart Stores, Inc., and Everett D. Caudle, Appellees.
Nos. 88-1636, 88-1826.
District Court of Appeal of Florida, First District.
July 13, 1989.
*450 Dixon Ross McCloy, Jr. of Sale, Smoak, Harrison, Sale, McCloy & Thompson, Chartered, Panama City, and James R. Green and Ross M. Goodman of Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, Pensacola, for appellant.
J. Lester Kaney of Cobb & Cole, Daytona Beach, and Robert M. Klein of Stephens, Lynn, Klein & McNicholas, P.A., Miami, for appellees.
THOMPSON, Judge.
Pernell Barker, the defendant and cross-plaintiff below, appeals a jury verdict finding him 70 percent comparatively negligent for the personal injuries sustained by appellee Vonnie Rene Anderson when the rented van being driven by Barker, in which Anderson was a passenger, was struck by a truck owned by appellee Wal-Mart Stores, Inc. at an intersection in Clinch County, Georgia. We affirm.
Because the collision occurred in Georgia, Anderson successfully sought to have the trial court apply Georgia law on the issues of negligence and joint and several liability. The trial court took judicial notice of Ga. Code Ann. §§ 40-1-1(47); 40-6-70, 40-6-72; 40-6-180, 40-6-181, and held that the negligence of cross-plaintiff Barker must be less than that of defendant Wal-Mart in order for there to be any recovery by Barker on his cross-claim.
Barker asserts on appeal, inter alia, that the trial court erred in deciding to apply Georgia law to all substantive issues. We disagree. The evidence adduced below established that Barker and Anderson are both Florida residents. The van in which they were riding was rented in Florida, and they were embarking on a trip to Pennsylvania which was to begin and end in Florida. The collision occurred in Georgia. Wal-Mart is a Delaware Corporation with its headquarters in Arkansas and retail outlets nationwide. The Wal-Mart truck involved in the collision was on the return leg of a trip from a Georgia distribution warehouse to Florida, and its driver was a Georgia resident. The truck in question generally operated out of the Georgia warehouse although a substantial portion of its mileage on the trip during which the collision occurred was logged in Florida.
Bishop v. Florida Specialty Paint Co., 389 So.2d 999 (Fla. 1980) sets forth the "significant relationships test" which the parties agree controls the issue of which state's laws are applicable in personal injury actions in which the injury occurred in another state. Bishop modified the traditional lex loci delicti rule and adopted a more flexible approach which takes into consideration other pertinent factors in addition to the place of injury. Nevertheless, Bishop stresses that its modification of the strict place of injury rule does not eliminate the significance of the place of injury. On the contrary, the place of injury is the primary contact to be considered, and under most circumstances the state where the injury occurred would be the decisive consideration in determining the applicable choice of law. Bishop at 1001.
In the instant case not only was Georgia the place of injury, but Wal-Mart had other miscellaneous contacts with that state. Its distribution center was located there and the truck involved was operating out of that distribution center. Further, its truck driver was a resident of Georgia. In addition, Barker asserted that the Georgia intersection where the collision occurred was unreasonably hazardous. The occurrence of the collision in Georgia was not pure happenstance or completely fortuitous as may be the place of injury in cases involving the crash of an airplane. Bishop; Harris v. Berkowitz, 433 So.2d 613 (Fla. 3d DCA 1983). Therefore, we believe the trial court properly found that Georgia law should be applied. The remaining issues raised by Barker on appeal do not mandate reversal. Accordingly, we affirm.
SMITH and MINER, JJ., concur.