567 So.2d 918 (1990)
WAL-MART STORES, INC., Appellant,
v.
BUDGET RENT-A-CAR SYSTEMS, et al., Appellees.
No. 89-3425.
District Court of Appeal of Florida, First District.
September 4, 1990.
Rehearing Denied October 31, 1990.
*919 J. Lester Kaney and Renee K. Fehr, of Cobb, Cole & Bell, Daytona Beach, and Robert M. Klein, of Stephens, Lynn, Klein & McNicholas, P.A., Miami, for appellant.
Terence R. Perkins, of Monaco, Smith, Hood & Perkins, Daytona Beach, for appellees.
MINER, Judge.
In this appeal, appellant Wal-Mart Stores, Inc. (Wal-Mart) challenges the dismissal with prejudice of its claim for contribution against appellees Budget Rent-ACar Systems, (Budget), Precision Leasing, Inc., (Precision) and Express Leasing, Inc., (Express). Finding that such dismissal was erroneous, we reverse.
The case at hand was born of a judgment entered against Wal-Mart in a personal injury action, the facts of which case are not here in dispute. In January 1987, Theresa Washington, a Florida resident, rented a van at the Panama City, Florida airport from Budget Rent-A-Car, a Delaware corporation doing business in Florida. The leased van was owned by Precision, a Florida corporation, which entity leased the vehicle under a master lease agreement to Express, a Florida corporation, doing business as Budget Rent-A-Car. Ms. Washington signed a standard form rental agreement wherein she designated herself and one Pernell Barker, also a Florida resident, as authorized drivers. The purpose of leasing the van was to transport Ms. Washington, Barker and a passenger, Ms. Anderson, to Pennsylvania. Under the terms of the lease agreement, the van was to be returned by Ms. Washington to Panama City and the laws of Florida were to be applied to construe its terms in the *920 event any dispute arose between the parties to the lease.
Later on the same day it was leased, with Pernell Barker driving, the van was involved in an accident near Homerville, Georgia, when it collided with a semi-tractor-trailer owned and operated by Wal-Mart, a Delaware corporation headquartered in Bentonville, Arkansas. The driver of the semi-tractor-trailer was a Georgia resident. Ms. Anderson, a passenger in the van, was severely injured. She sued Barker and Wal-Mart in the circuit court of Bay County, Florida, alleging that they were jointly and severally liable for her injuries. During the course of that litigation, an issue was raised as to whether Georgia or Florida law should apply to the issues of negligence and joint and several liability. The trial court applied the law of Georgia and, at trial, the jury returned a special verdict which found Barker 70% negligent and Wal-Mart 30% negligent in causing Ms. Anderson's injuries. Wal-Mart paid the entire judgment. On appeal, this court followed the "significant relationships" tests set forth in Bishop v. Florida Specialty Paint Co., 389 So.2d 999 (Fla. 1980) in affirming the trial court's application of Georgia law to the issues raised in that litigation. Barker v. Anderson, 546 So.2d 449 (Fla. 1st DCA 1989).
Wal-Mart subsequently filed an action for contribution in the same court against Barker as joint tortfeasor, and against Budget, Precision, Express and Washington as vicariously liable parties under Florida's dangerous instrumentality doctrine. The trial court dismissed the complaint with prejudice for failure to state a cause of action under Georgia law. It reasoned that its analysis of the underlying negligence claim also controlled its determination that Georgia, which does not recognize a dangerous instrumentality doctrine, has the most significant relationship to the issue of contribution. From such dismissal, this appeal ensued.
In Bishop, supra, the supreme court adopted the Restatement (Second) of Conflict of Laws, sections 145-146, which modify the traditional lex loci delicti rule in favor of a more flexible approach. While Bishop stressed that the place of injury was still the primary consideration when determining the appropriate choice of law, important public policy concerns outlined in section 6 of the Restatement outweigh any mechanistic application of the significant relationships test. See Barringer v. State, 111 Idaho 794, 727 P.2d 1222 (1986).[1]
The issue in this case is whether the trial court erred in applying Georgia law to Wal-Mart's contribution claim. That claim was not before this court in Barker v. Anderson, and is substantially distinct from the underlying negligence that was previously litigated in that case. We apply the Restatement (Second), Conflict of Laws, section 6(2)(a), which outlines the relevant factors we have considered in choosing the applicable law, as follows:
(a) The needs of the interstate and international systems. The Restatement comment indicates that this is probably the most significant factor of the choice of law rules  to make the interstate and international systems work well and harmoniously together. As we recognized in Barker, Georgia had a manifest need to have its laws apply to the underlying tort. On the contribution issue, however, sister state harmony and commercial intercourse is facilitated by application of Florida law because (1) the Precision and Express Leasing *921 master agreement provided that Florida law would govern contractual obligations; (2) Florida has a great interest in holding parties who put dangerous instrumentalities into another's hands responsible for injuries negligently inflicted; and (3) Florida's system would not impinge upon any needs promoted by Georgia law.
(b) The relevant policies of the forum. Florida's interest in imposing responsibility vicariously upon those who rent, own and operate motor vehicles on public highways is manifest from its dangerous instrumentality doctrine. We find that Florida's interest in protecting its residents and holding them responsible for their torts or the torts of their bailees outweighs Georgia's interest in protecting transients such as Barker and the appellees.
(c) The relevant policies of the other interested states and the relative interests of those states in the determination of the particular issue. Georgia permits contribution among tortfeasors, but does not impose vicarious liability upon owners or lessors of automobiles. See, Ga. Code Ann. (1987) section 51-12-32; Horton v. Continental Casualty, 72 Ga. App. 594, 34 S.E.2d 605 (1945); Liddy v. Hames, 177 Ga. App. 517, 339 S.E.2d 778 (1986) [liability predicated not on doctrine of respondent superior but on negligent act of owner]. Although this policy protects certain Georgia businesses and citizens, it does not control to preclude Wal-Mart from equitably and vicariously reapportioning its liability through contribution because no Georgia citizen is adversely affected, and Georgia's policy remains unscathed by application of Florida law.
(d) The protection of justified expectations. While substantially important in a contract case, the parties probably had no justified expectation which law would apply and any expectation was irrelevant in determining that Georgia law applied to the underlying tort action. The appellees, on the other hand, could have contemplated only that Florida law would govern obligations arising out of the rental agreement and master contract. As we stated in Stallworth v. Hospitality Rentals, Inc., 515 So.2d 413 (Fla. 1st DCA 1987), we are unwilling to conclude that each time a rental automobile crosses a state line, the legal rule governing appellees' vicarious liability to Florida occupants would change in accordance with the local law of the state where such rental vehicle happened to be located at the moment. See Stallworth, 515 So.2d at 417, n. 4.
(e) The basic policies underlying the particular field of law. That Florida law goes somewhat further in imposing liability without fault should not imply that Georgia policy would be offended by the application of Florida law since no Georgia resident is adversely affected. On the other hand, application of Georgia law to the issue of contribution seems to us repugnant to Florida's public policy. As with comparative fault rules, the jurisdictions most interested in the application of their law are those in which the defendants are located. See, In re Air Crash Disaster At Washington, D.C., 559 F. Supp. 333, 352 (D.D.C. 1983), aff'd, 866 F.2d 1521 (D.C. Cir.1989) [application of the District of Columbia's equalshare rule, rather than Florida's comparative fault rule, would most certainly offend the legitimate and profound interests of the defendant's home state].
(f) Certainty, predictability and uniformity of result. Choosing Florida law for this issue inhibits forum shopping and results in consistent and continued adherence to existing contract, vicarious tort, and contribution rules. If Georgia law applied, Florida owners and renters of vehicles would likely rewrite lease agreements subjecting lessees to the laws of states which provide lessors the least exposure to liability in contravention of this state's express public policy. Thus, Florida law serves to protect its residents who rely on and reasonably expect instate liability agreements for travel out-of-state.
(g) Ease in the determination and application of the law to be applied. While the situs test may be facially easier to apply, Florida law serves the overall interests of the parties in these circumstances.
In addition to sections 145, 146 and 6, section 172 of the Restatement provides that the law selected by application of the rule of section 145 will determine the circumstances *922 in which two or more persons are liable to a third person. Section 173 states that the law selected by application of section 145 determines whether one tortfeasor has a right of contribution against another. Comments to section 174 suggest that the forum consider, in accordance with section 6, (1) whether the relationship between the defendant and the other party makes the imposition of vicarious liability reasonable and (2) whether there is a reasonable relationship between the defendant and the state whose local law is to be applied.
As discussed above, we believe it both reasonable and responsible to hold defendants Budget, Precision and Express vicariously liable to appellant. As defendants/appellees are doing business in Florida with contracts expressly providing for the application of Florida law, a "reasonable relationship" exists between appellees and Florida.
Comment c to section 174 notes that application of the local law of the state is particularly likely if the state has some relationship to the injured plaintiff. In the case at hand, plaintiff Anderson was a Florida resident. Finally, illustration six[2] to comment c of Section 174 reveals appellees' liability to Anderson. For purposes of contribution, neither Florida nor Georgia law required Anderson to join appellees as defendants, nor required appellant to implead appellees. Section 768.31, Fla. Stat. (1987); Ga. Code Ann. section 51-12-32 (1987); see also, Evans v. Lukas, 140 Ga. App. 182, 230 S.E.2d 136 (1976).
In Stallworth, supra, we found the third and fourth factors of section 145 more significant than the fact that the accident occurred in Louisiana  the litigants were residents of Florida or doing business in Florida, and the relationship between the parties was centered in Florida. Emphasizing the importance of issue-by-issue analysis, we found "the most important contact with respect to Hospitality's vicarious liability to this Florida passenger is the significant relationship the state of Florida has to this rental transaction involving one of Hospitality's automobiles." 515 So.2d at p. 417 (emphasis added). Although the underlying tort occurred in Louisiana and the driver of the rental car was a Louisiana resident, we found that the policy underlying Florida's dangerous instrumentality doctrine was served without offending any of Louisiana's strong policy interests and applied Florida law to the issue of vicarious liability.
Recognizing the doctrine of vicarious liability in this and other factually similar cases will advance Florida's interests but will not adversely affect Georgia's policy of prohibiting the vicarious liability of its residents without a showing of negligence. On the other hand, it can be said that applying Georgia law would not be consonant with Florida's interest in assuring that vicarious entities such as appellees are held responsible for injuries caused by drivers of their vehicles. As in Stallworth, the policy underlying Florida's dangerous instrumentality doctrine is served without offending any of Georgia's strong policy interests and we find that Florida law applies to the issue of vicarious liability. Even as we do, however, our holding is expressly limited to the specific facts presented. As in Stallworth, we leave open the question of whether the same choice of law should be made regarding the vicarious liability of a Florida rental agency to residents of other states in other cases.
The decision of the trial court is REVERSED, and the cause is REMANDED for further proceedings consistent with this opinion.
ERVIN and WENTWORTH, JJ., concur.
NOTES
[1] Under the Restatement, the courts endeavor to determine which state has the most significant relationship to the issue being considered. Section 145 provides:

1. The rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties under the principles stated in section 6.
2. Contacts to be taken into account in applying the principles of section 6 to determine the law applicable to an issue include:
(a) the place where the injury occurred,
(b) the place where the conduct causing the injury occurred,
(c) the domicile, residence, nationality, place of incorporation and place of business of the parties, and
(d) the place where the relationship, if any, between the parties is centered.
[2] In state X (Florida), A (Barker), who is domiciled in X, rents a car from the B (Budget/Precision/Express) rental agency. With C (Anderson), who is also domiciled in X, as a guest passenger, A drives into Y (Georgia), an adjoining state, and there negligently injures C. Under X statute, the bailor of an automobile is liable for injuries caused by the negligence of the bailee. No such liability is imposed upon the bailor by Y local law. B will be held liable to C.