699 So.2d 713 (1997)
RYDER TRUCK RENTAL, INC., a Florida corporation, Appellant,
v.
Lorraine ROSENBERGER, Mother and Next Best Friend of Megan Rosenberger, Appellee.
No. 96-1673.
District Court of Appeal of Florida, Third District.
July 9, 1997.
Rehearing Denied October 15, 1997.
*714 Gaebe, Murphy, Mullen & Antonelli, and Michael J. Murphy, Coral Gables, for appellant.
Stave & Coffey, and Ronald H. Stave Omaha, NE, Treadwell, Stetler, Erickson, Cimino & McElrath, Naples, for appellee.
Before NESBITT, FLETCHER and SHEVIN, JJ.
FLETCHER, Judge.
Defendant, Ryder Truck Rental, Inc. [Ryder], appeals the denial of a motion to dismiss on forum non conveniens grounds. We reverse.
The complaint alleges that the minor plaintiff, Megan Rosenberger, was seriously and permanently injured while riding as a passenger in a Ryder truck rented and driven by her father, Michael Rosenberger; that Mr. Rosenberger rented the truck from a Ryder rental agency located in Seattle, Washington in order to move his family from Seattle to Nebraska, where the family now resides; and that while operating the truck on an interstate highway near Livingston, Montana, Mr. Rosenberger negligently caused the truck to strike a concrete bridge abutment. Mrs. Rosenberger brought, in Florida, an action to recover for her daughter's injuries against the owner of the leased truckdefendant Ryder, which is a Florida *715 corporation. The action does not include Mr. Rosenberger as a defendant.
Ryder moved to dismiss this action based on the then-recently adopted doctrine of forum non conveniens under Kinney System, Inc. v. Continental Ins. Co., 674 So.2d 86 (Fla.1996) and Florida Rules of Civil Procedure 1.061. Ryder argues that Florida has no interest in this out-of-state accident and that, in choosing Florida as her venue, the plaintiff is forum shopping. Ryder maintains that Florida was selected simply because of its unique dangerous instrumentality doctrine [1] which imposes vicarious liability on the owner of a motor vehicle for the negligence of an authorized driver. The trial court disagreed and denied Ryder's motion to dismiss.
In Kinney, the Florida Supreme Court adopted the federal forum non conveniens standard which requires a four-step analysis. Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947); Kinney, 674 So.2d at 90; Fla.R.Civ.P. 1.061(a). Under the federal standard, a court entertaining a forum non conveniens motion must first determine that an adequate alternative forum exists which possesses jurisdiction over the whole case. Ryder argues that the proper forum for this action would be Montana, where the accident occurred and where the minor plaintiff received her initial medical treatment. Plaintiff, however, complains that she has no remedy against Ryder in Montana because that state does not have a dangerous instrumentality doctrine like that of Florida.[2] This, plaintiff argues, rules out Montana as an alternative forum under Kinney. We note that this raises a conflict of laws question, i.e., whether, if tried in Florida, the court is to apply the substantive law of Florida or of Montana, the latter of which excludes Ryder's vicarious liability. If Montana law were to be applied by a Florida court, then the plaintiff's concern that a forum non conveniens dismissal will deprive her of an adequate alternative forum is meaningless.
We conclude that the substantive law of Montana would apply if the plaintiff's cause were tried in Florida. Pursuant to our Supreme Court's holding in Bishop v. Florida Specialty Paint Co., 389 So.2d 999 (Fla. 1980), in determining conflicts issues, Florida courts are to apply the "significant relationships test" as set forth in the Restatement (Second) of Conflict of Laws § 146 (1969):
"In an action for a personal injury, the local law of the state where the injury occurred determines the rights and liabilities of the parties, unless, with respect to the particular issue, some other state has a more significant relationship under the principles stated in sec. 6 to the occurrence and the parties, in which event the local law of the other state will be applied."
The substantive law of the place of injury (Montana) would thus apply to the plaintiff's claim unless Florida has a more significant relationship to the occurrence or the parties. In that regard we note that the minor plaintiff, her mother and her father all reside in Nebraska; the Ryder truck was titled in Georgia and was licensed in New Mexico; the accident occurred in Montana; the state of departure and where the rental agreement was entered into was Washington, with Nebraska as the intended destination; and, finally, Ryder is a Florida corporation.
The Restatement's choice-of-law principles to which we look to determine the more significant relationship,[3] endorsed by our Supreme *716 court in Bishop v. Florida Specialty Paint Co., lead to our conclusion that Montana law applies. First, as to the needs of the interstate and international systems and as to the relevant policies, Montana has a manifest need to have its tort laws applied to accidents within its jurisdiction. While Florida has an interest in protecting its citizens and visitors from persons who put dangerous instrumentalities in another's hands, we are not here dealing with Florida plaintiffs, either residents or visitors.
As to the justified expectations, there is no reason why Ryder would have expected Florida's vicarious liability to apply through its vehicle leased to a Nebraska resident in Seattle, Washington, licensed in New Mexico and titled in Georgia, in relation to an accident in Montana. The plaintiff, having no connection with Florida, would not be justified in expecting Florida law to apply.
Applying the law of the state where the injury occurred will lead to more certainty, predictability and uniformity of result, and will ease the determination and application of the law. Owners will be more prepared to understand and to deal with the obligations and rights if the law where the vehicle is operated applies.
Florida courts have in a number of cases concluded that Florida had the most significant relationship notwithstanding that the injury occurred in another state. In each instance, however, there had been a greater connection than mere residency in Florida by the defendant. In Bishop v. Florida Specialty Paint Co., the genesis decision adopting the Restatement's principles, all relevant parties were Florida residents. The Florida family members who were guest passengers in the plane involved brought suit against the plane's lessee (a Florida corporation) and the pilot (president of the lessee). The holiday trip (to North Carolina) was to begin and end in Jacksonville. The plane crashed in South Carolina, thus raising the question whether Florida law (more liberal towards recovery) would apply or whether South Carolina's aviation guest statute (less liberal toward recovery) would apply. In concluding that Florida law applied, the Court emphasized the numerous relationships with Florida, including the fact that all the parties were Florida residents. Bishop, 389 So.2d at 1000.
In Wal-Mart Stores, Inc. v. Budget Rent-A-Car, Sys., 567 So.2d 918 (Fla. 1st DCA 1990), rev. denied, 581 So.2d 163 (Fla.1991), Florida's dangerous instrumentality law was applied to a contribution claim arising out of an accident in Georgia. There, however, a Florida resident rented a van from Budget Rent-A-Car at the Panama City, Florida airport.
This Court, in Avis Rent-A-Car Sys. v. Abrahantes, 559 So.2d 1262 (Fla. 3d DCA 1990), applied Florida law to claims of loss of consortium by Florida wives from injuries occurring in the Cayman Islands, finding that claims for loss of consortium are governed by the law of the state where the marriage is domiciled rather than where the injury occurred. This conclusion was based upon the state where the marriage is domiciled having the greater interest in the marital status with its attendant rights and responsibilities in a loss of consortium case than does the state where the incident occurred. We are not dealing with loss of consortium here, but, if we were, the plaintiff's state of domicile (not Florida) would have the greater interest in having its laws apply.
This Court, in Harris v. Berkowitz, 433 So.2d 613 (Fla. 3d DCA 1983), held Florida law applicable to a wrongful death case even though the automobile accident occurred in Maine, finding that Florida had the more significant relationship as the decedents, the beneficiaries (of an insurance policy involved in the dispute), and the litigants all were Florida residents. Such a substantial relationship with Florida does not exist in the instant case.
We conclude that Florida law does not apply. The plaintiff's concern that a trial in Montana would deprive her of Florida's dangerous instrumentality law is misplaced.
The next step in the forum non conveniens analysis is for the trial court to *717 consider all relevant factors of private interest. Kinney, 674 So.2d at 90; Fla.R.Civ.P. 1.061(a)(2). As the Kinney court indicated, the term "private interests" encompasses four broad practical concerns: "adequate access to evidence and relevant sites, adequate access to witnesses, adequate enforcement of judgments, and the practicalities and expenses associated with the litigation." 674 So.2d at 91. The relevant factors of private interest in this case do not favor Florida. Access to the evidence and witnesses is no greater in Florida than in any of the alternative fora. It would naturally be easier for the Rosenberger family and plaintiff's treating physicians to testify in a Nebraska court. Evidence relating to the initial medical treatment rendered to the minor plaintiff can more easily be provided in a Montana court. And, although Ryder is headquartered in Florida, it is a company engaged in business nationwide and probably would not be inconvenienced by a trial in either Nebraska or Montana. There is, of course, no question that the court of any of the relevant states would be able to adequately enforce its judgment.
If the balance of private interests is at or near equipoise, the trial court must next weigh in the "public interests" factors. Kinney, 674 So.2d at 91-92; Fla.R.Civ.P. 1.061(a)(3). This inquiry "focuses on `whether the case has a general nexus with the forum sufficient to justify the forum's commitment of judicial time and resources to it.'" Kinney, 674 So.2d at 92 (citing Pain v. United Technologies Corp., 637 F.2d 775 (D.C.Cir.1980), cert. denied, 454 U.S. 1128, 102 S.Ct. 980, 71 L.Ed.2d 116 (1981)). Florida has no interest in committing its judicial time and resources to the litigation of this action which calls for the application of foreign law in relation to a vehicle accident wherein a non-Florida resident was injured by the negligence of a non-Florida resident, in a vehicle registered and licensed, and leased, out of state. It would be unduly burdensome to ask our courts, already suffering from a tremendous caseload, to accept litigation arising from all accidents involving Ryder trucks and the like, regardless of where the lease agreement was entered into or where the accident occurred.
Finally, before granting a dismissal on forum non conveniens grounds, the trial court must ensure that the plaintiff, without undue inconvenience or prejudice, is able to seek the potential remedy in the alternative forum. Kinney, 674 So.2d at 92; Fla.R.Civ.P. 1.061(a)(4). Unless waived by unanimous agreement of the parties and approval of the trial court, defendant's motion for forum non conveniens dismissal is automatically deemed to include the stipulated condition that the action will be treated in the new forum as though it had been filed in that forum on the same date it was filed in Florida, with service of process accepted as of that date. Kinney, 674 So.2d at 92; Fla.R.Civ.P. 1.061(c)(e). Upon remand, the court below may make any required rulings in this regard.
Accordingly, we reverse the trial court's order, which denied Ryder's motion to dismiss the action on grounds of forum non conveniens, and remand this action for further proceedings consistent with this opinion.
NESBITT and FLETCHER, JJ., concur.
SHEVIN, Judge (dissenting).
I dissent. The majority forsakes the interests of justice for the sake of mere illusory convenience and relegates plaintiff's case to a forum that will afford her no relief.[4] In so doing, the court contravenes Piper Aircraft Co. v. Reyno, 454 U.S. 235, 254, 102 S.Ct. 252, 265, 70 L.Ed.2d 419 (1981), in which the Court stated
We do not hold that the possibility of an unfavorable change in law should never be a relevant consideration in a forum non conveniens inquiry. Of course, if the remedy provided by the alternative forum is so clearly inadequate or unsatisfactory that it is no remedy at all, the unfavorable change in the law may be given substantial weight; the [trial] court may conclude *718 that dismissal would not be in the interests of justice.

(emphasis added). Accordingly, I would affirm the order under review and find that the trial court did not abuse its discretion in denying Ryder's motion to dismiss on forum non conveniens grounds. See Fla.R.Civ.P. 1.061(a).
As to the first step in the forum non conveniens analysis adopted in Kinney Sys., Inc. v. Continental Ins. Co., 674 So.2d 86 (Fla.1996), I respectfully disagree with the majority's conclusion that Montana is an adequate alternative forum. This step, an analysis prerequisite, requires a two-part inquiry: Ryder's amenability to process and adequacy of an alternative forum. See Ciba-Geigy Ltd. v. Fish Peddler, Inc., 691 So.2d 1111 (Fla. 4th DCA 1997). Although Ryder argues that Montana is the proper forum, and no issue exists as to Ryder's amenability to process in Montana, the record does not establish the adequacy of the alternative forum: the remedy available in Montana amounts to no remedy at all.[5] "[T]he alternative fora are inadequate under the doctrine only if the remedy available there clearly amounts to no remedy at all." Kinney Sys., 674 So.2d at 90-91. Thus, "dismissal would not be appropriate where the alternative forum does not permit litigation of the subject matter of the dispute." Kinney Sys., 674 So.2d at 90 (quoting Piper Aircraft Co., 454 U.S. at 254 n. 22, 102 S.Ct. at 265 n. 22). See Lockman Found. v. Evangelical Alliance Mission, 930 F.2d 764 (9th Cir.1991); Phoenix Canada Oil Co. Ltd. v. Texaco, Inc., 78 F.R.D. 445 (D.Del.1978). Cf. Ceramic Corp. of Am. v. Inka Maritime Corp., Inc., 1 F.3d 947 (9th Cir.1993). Here, the subject matter of the dispute is Ryder's vicarious liability for the driver's negligence by virtue of its vehicle ownership. In Montana, however, Ryder is not liable to Megan under any theory of recoveryMegan has no remedy in Montana against Ryder premised on vicarious liability. See Ulrigg v. Jones, 274 Mont. 215, 907 P.2d 937 (1995). The absence of an adequate or satisfactory remedy should be given substantial weight in determining whether the interests of justice preclude dismissal. See Piper Aircraft Co., 454 U.S. at 254-255, 102 S.Ct. at 265-266. Under these circumstances, the trial court did not abuse its discretion in refusing to dismiss the case. See Kinney Sys., 674 So.2d at 90; Phoenix Canada Oil Co., 78 F.R.D. at 445. Cf. Lockman Found., 930 F.2d at 768-769; Ceramic Corp. of Am., 1 F.3d at 949-950.
Furthermore, I disagree with the majority's assertion that a resolution of this conflict of laws mandates application of the substantive law of Montana to the issue of vicarious liability if the case were tried in Florida.[6] Under the significant relationships test, the law of the state of injury and conduct is inapplicable when that site is merely fortuitous and no other contact with that state exists. In so holding, the majority decision permits a Florida vehicle owner to be absolved from liability based on such ownership merely because the accident occurred out-of-state and involved a non-resident.
In Bishop v. Florida Specialty Paint Co., 389 So.2d 999, 1001 (Fla.1980), the Florida Supreme Court adopted the "significant relationships test" as provided in Restatement (Second) of Conflict of Laws sections 145 and 146. Those sections require application of the important considerations noted in section 6(2).[7] As to the vicarious liability issue, Restatement (Second) of Conflict of Laws, section 174 (1969)[8] states that "[t]he law selected *719 by application of the rule of section 145 determines whether one person is liable for the tort of another." In applying this test, I disagree with the majority's conclusion that Montana is the state which has the most significant relationship to the occurrence and the parties with respect to the issue of vicarious liability under the principles delineated in section 6(2).[9]
In considering the needs of the interstate system, and the relevant policies of the forum and other interested states, the majority incorrectly concludes that Montana has a "manifest need" to apply its law concerning vicarious liability to this accident. Op. at 715-716. Montana has no such need: Montana is merely the fortuitous location of a one-vehicle accident which occurred during a trip from Washington to Nebraska and does not involve any Montana residents. See Reid-Walen v. Hansen, 933 F.2d 1390, 1400 (8th Cir.1991); Grimandi v. Beech Aircraft Corp., 512 F.Supp. 764, 780 (D.C.Kan.1981). Montana has no "meaningful link to the present litigation." Proprietors Ins. Co. v. Valsecchi, 435 So.2d 290, 297 (Fla. 3d DCA 1983), review denied, 449 So.2d 265 (Fla. 1984); Wal-Mart Stores, Inc. v. Budget Rent-A-Car Sys., 567 So.2d 918, 921 (Fla. 1st DCA 1990), review denied, 581 So.2d 163 (Fla.1991); Stallworth v. Hospitality Rentals, Inc., 515 So.2d 413, 416-417 (Fla. 1st DCA 1987); Krasnosky v. Meredith, 447 So.2d 232 (Fla. 1st DCA 1983), review denied, 446 So.2d 99 (Fla.1984); Harris v. Berkowitz, 433 So.2d 613 (Fla. 3d DCA 1983). Thus, Florida's law would not impinge upon or offend the needs promoted by Montana law. See Harris, 433 So.2d at 613; Wal-Mart Stores, 567 So.2d at 921; Stallworth, 515 So.2d at 416-417. Because the choice of law made in this case does not affect any Montana citizens, the application "of a [law] which would absolve the defendant from liability could hardly be justified on the basis of this state's interest in the welfare of the injured plaintiff." Restatement (Second) of Conflict of Laws § 6(2) cmt. f.
Furthermore, although Megan is not a Florida resident thereby obviating any Florida interest in protecting her right to recovery, defendant Ryder is a Florida corporation insured under Florida law, with its principal place of business in Florida. The majority correctly states that Florida has an interest in protecting its citizens from dangerous instrumentalities. That interest, however, is concomitant to Florida's
great interest in holding parties who put dangerous instrumentalities into another's hands responsible for injuries negligently inflicted.... Florida's interest in imposing responsibility vicariously upon those who ... own ... motor vehicles ... is manifest from its dangerous instrumentality doctrine.
Wal-Mart Stores, 567 So.2d at 921. Florida has expressed an interest in preserving a cause of action against owners of dangerous instrumentalities. "[I]t can by said that applying [Montana] law would not be consonant with Florida's interest in assuring that vicarious entities such as [Ryder] are held responsible for injuries caused by drivers of their vehicles." Id. at 922. Thus, Florida has a substantial connection with the vicarious liability issue. "Respect for interstate and international systems is maintained when the forum state, in choosing to apply its own law, has a `substantial connection' with the issue." [10]See Veasley v. CRST Int'l, Inc, 553 N.W.2d 896, 899 (Iowa 1996). Furthermore, Montana has no interest in a determination of Ryder's responsibility in this litigation as the result will not impose any costs on a Montana defendant or in any way affect insurance rates. See Beattey v. College Centre of Finger Lakes, Inc., 613 So.2d 52 (Fla. 4th DCA 1992), review denied, 626 So.2d 204 *720 (Fla.1993); Wal-Mart Stores, 567 So.2d at 921; Veasley, 553 N.W.2d at 899; Griffith v. White, 929 F.Supp. 755, 759-760 (D.Vt.1996); Haggerty v. Cedeno, 279 N.J.Super. 607, 653 A.2d 1166 (App.Div.), cert. denied, 141 N.J. 98, 660 A.2d 1197 (1995).
The protection of justified expectations factor is insignificant in this case. Unlike a contract case, the parties do not usually have justified expectations in a tort case involving an unexpected occurrencea vehicle accident. See Beattey, 613 So.2d at 54; Wal-Mart Stores, 567 So.2d at 921; Veasley, 553 N.W.2d at 898, and cited cases; Restatement(Second) of Conflict of Laws § 6(2) cmt. g. Furthermore, in light of the fact that Ryder is a nationwide truck leasing firm, and that several states hold owners vicariously liable under varying circumstances for injuries caused by a negligent driver, it would be reasonable for Ryder to foresee the probability of liability and to shield itself from such liability. See Veasley, 553 N.W.2d at 898.
I also disagree with the majority's statement that "[a]pplying the law of the state where the injury occurred will lead to more certainty, predictability, and uniformity of result, and will ease the determination and application of the law." Op. at 716. First, the ease of determination and application of law is of minor import where, as here, the case does not involve complex substantive laws. See Veasley, 553 N.W.2d at 898. Second, the certainty factors "are also less important in automobile tort cases[:] Conflicting laws are a result of the combination of `a mobile society' and America's federal system in which the states have primary control over the regulation of these matters will always work against uniformity." Veasley, 553 N.W.2d at 898 (citation omitted). Finally, I find no logical basis for the assertion that the law where the injury occurred is preferable so that "[o]wners will be more prepared to understand and to deal with the obligations and rights if the law where the vehicle is operated applies." Op. at 716. Clearly, the application of different laws each time a vehicle owned by a Florida resident is driven across state lines and is involved in an accident would render the owner less rather than more prepared to deal with the owner's rights and obligations. In any event, the benefits of predictability should not be procured "at too great a price." Restatement (Second) of Conflict of Laws at § 6(2) cmt. i. In balancing the benefits of such predictability against equitable considerations, courts have been averse to applying the law of a jurisdiction in the interest of certainty when that law would foreclose any recovery to plaintiff. See Judge v. American Motors Corp., 908 F.2d 1565, 1573-1574 (11th Cir. 1990). Similarly, this court should also avoid such harsh result as would be engendered by application of Montana law in the "interest" of certainty, predictability and uniformity of result. Cf. Stallworth, 515 So.2d at 417.
Based on the application of sections 145, 174 and 6(2) principles to the relevant contacts, I believe that Florida has the most significant relationship to the issue presented in this case.
As to Kinney`s second considerationthe balance of private intereststhe majority misapplies Kinney in concluding that the balance is at or near equipoise. As a threshold matter, the majority omits an important factor in that analysisthe presumption in favor of plaintiff's choice of forum. In balancing private interests, the Kinney court provided that
the reviewing court always should remember that a strong presumption favors the plaintiff's choice of forum. Thus, the presumption can be defeated only if the relative disadvantages to the defendant's private interests are of sufficient weight to overcome the presumption.
Kinney, 674 So.2d at 91. See Fla.R.Civ.P. 1.061(a)(2). Although the presumption is somewhat lessened where, as here, Megan is not a Florida resident, see Piper Aircraft Co., 454 U.S. at 255-256, 102 S.Ct. at 265-266; Pain v. United Technologies Corp., 637 F.2d 775, 797 (D.C.Cir.1980), cert. denied, 454 U.S. 1128, 102 S.Ct. 980, 71 L.Ed.2d 116 (1981), Megan remains entitled to a presumption, albeit a weaker one. See Karvelis v. Constellation Lines SA, 608 F.Supp. 966, 972 (S.D.N.Y.1985), affirmed, 806 F.2d 49 (2d Cir.1986), cert. denied, 481 U.S. 1015, 107 S.Ct. 1891, 95 L.Ed.2d 498 (1987). See also Ciba-Geigy Ltd.. Thus, the court must consider *721 whether the disadvantages to Ryder's interests overcome the presumption in favor of plaintiff's choice of forum. In finding that the relevant factors do not favor either forum, that analysis is notably absent from the majority's balancing of conveniences.
Here, the record does not reflect that Ryder would suffer any disadvantages in Florida sufficient to overcome that presumption.[11] Ryder's motion[12] does not set forth any private interests which would disadvantage its involvement in the case such as: location of witnesses, access to evidence, or a view of the accident site, or its need to implead defendants. For example, although Ryder's motion does not address the location of any of the witnesses in this case, it is fair to assume that plaintiff's physicians are not located in Florida. However, Ryder would have to travel to those locations to depose the physician witnesses even if the cause was transferred to another forum, and plaintiff will bear the financial burden of bringing the witnesses to Florida for trial. In addition, Ryder did not inform the trial court as to the location of the expert witnesses, whether there were any witnesses to the accident, or whether a view of the accident scene is necessary. In any event, modern transportation methods, video techniques, and depositions would alleviate any alleged disadvantages. See Reid-Walen v. Hansen, 933 F.2d at 1396-1398. Thus, I would conclude that the private interests are not at or near equipoise. Instead, the private interests in this case weigh in favor of affirming the trial court's order.
Assuming, arguendo, that Ryder has established the requisite balance, thereby necessitating "a balance of public conveniences," I also disagree with the court's conclusion that this balancing does not tip the scales in favor of plaintiff's forum choice. In a balance of public interests, the court must determine "`whether the case has a general nexus with the forum sufficient to justify the forum's commitment of judicial time and resources to it." Kinney Sys., 674 So.2d at 92 (quoting Pain, 637 F.2d at 791). Thus, the court must consider factors such as court docket congestion, local interest in the controversy, and the forum's familiarity with the applicable law. See Kinney Sys., 674 So.2d at 92.
First, the court's interest in ameliorating court congestion does not militate in favor of dismissal. This action involving a one-vehicle accident and a single plaintiff and defendant is not factually complex and will not require an extended trial. See Reid-Walen, 933 F.2d at 1400. Cf. Ciba-Geigy Ltd., 691 So.2d at 1124. Furthermore, "the defendant's home forum always has a strong interest in providing a forum for redress of injuries caused by its citizens. Any economic burden to the forum is justified because the defendant has undertaken both the benefits and burdens of citizenship and of the forum's laws." Reid-Walen, 933 F.2d at 1400 (citations omitted). Cf. Wal-Mart Stores. Second, Montana has no greater interest in this case than Florida based on the accident location. Montana is merely the adventitious location where an unnoteworthy one-vehicle accident occurred during a trip from Washington to Nebraska and which involved no Montana residents. "In light of the unique relationship between the forum and the citizen-defendant, the assertion of jurisdiction cannot be said to deprive another forum with greater interest of the opportunity to resolve the dispute." Reid-Walen, 933 F.2d at 1400. Ryder's Florida residency provides a substantial connection to plaintiff's choice of forum: the primary thrust of this litigation is Ryder's liability based on its truck ownership. As stated in Pearl Cruises v. Bestor, 678 So.2d 372, 372 (Fla. 3d DCA 1996), review denied, *722 689 So.2d 1068 (Fla.1997),[13] the home of a defendant corporation has a "very substantial [interest] of concern for its own domiciliaries." Finally, as Florida law would apply to Ryder's vicarious liability no issue exists as to the court's familiarity with the governing law. Therefore, I would hold that the trial court did not abuse its discretion in finding that the balance of public interests did not defeat Megan's choice of forum.
In summary, I would affirm the court's order finding that the trial court did not abuse its discretion in ruling that Ryder did not carry its burden of persuading the court that an adequate alternative forum exists or that the balance of interests defeats Megan's choice of forum.
NOTES
[1] See Hertz Corp. v. Jackson, 617 So.2d 1051 (Fla.1993), and cases cited therein.
[2] See Ulrigg v. Jones, 274 Mont. 215, 907 P.2d 937 (1995).
[3] Restatement (Second) of Conflict of Laws, § 6 (1969), provides:

"(1) A court, subject to constitutional restrictions, will follow a statutory directive of its own state on choice of law.
(2) When there is no such directive, the factors relevant to the choice of the applicable rule of law include
(a) the needs of the interstate and international systems,
(b) the relevant policies of the forum,
(c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue,
(d) the protection of justified expectations,
(e) the basic policies underlying the particular field of law,
(f) certainty, predictability and uniformity of result, and
(g) ease in the determination and application of the law to be applied.
[4] In addition, I disagree with the majority's holding that Montana law applies regardless of the forum.
[5] I recognize that a case may be dismissed even though the law applicable in the alternative forum is less favorable to the plaintiff. That principle, however, is inapplicable where, as here, the alternative forum provides "no remedy at all." Kinney Sys., Inc. v. Continental Ins. Co., 674 So.2d 86, 91 (Fla.1996); Piper Aircraft Co. v. Reyno, 454 U.S. 235, 254, 102 S.Ct. 252, 265, 70 L.Ed.2d 419 (1981).
[6] It should be noted that any determination as to the conflict of laws issue is part of the balance of public interest factors rather than the analysis as to the adequacy of the alternative forum. See Piper Aircraft Co., 454 U.S. at 259-260, 102 S.Ct. at 267-268; Kinney Sys., 674 So.2d at 92; Ciba-Geigy Ltd. v. Fish Peddler, Inc., 691 So.2d 1111, 1125 (Fla. 4th DCA 1997).
[7] See Op. at 715.
[8] Comment a of Section 174 provides that the forum must consider whether the relationship between the parties make imposition of vicarious liability reasonable and whether there is a reasonable relationship between Ryder and Florida, the state whose local law is to be applied. These principles do not militate against application of Florida law. See generally Wal-Mart Stores, Inc. v. Budget Rent-A-Car Sys., 567 So.2d 918, 922 (Fla. 1st DCA 1990), review denied, 581 So.2d 163 (Fla.1991).
[9] Ryder asserts that Montana law applies. Therefore, it is unnecessary to discuss application of the law of Washington or Nebraska. See Proprietors Ins. Co. v. Valsecchi, 435 So.2d 290, 301 n. 9 (Fla. 3d DCA 1983) (Schwartz, J. dissenting).
[10] On this basis, I disagree with the majority's position that this case does not have a "substantial relationship with Florida." Op. at 716.
[11] In the balance of private and public conveniences, it should be noted that the parties' residency is "but one factor to be considered." Kinney Sys., 674 So.2d at 93 n. 7. As to Ryder's Florida residency, there is no suggestion that Ryder is a "straw man" Florida defendant. Thus, this case does not present a scenario justifying dismissal based on that factor. See Id. (citing Pain v. United Technologies Corp., 637 F.2d 775, 795-98 (D.C.Cir.1980), cert. denied, 454 U.S. 1128, 102 S.Ct. 980, 71 L.Ed.2d 116 (1981)).
[12] Ryder did not submit any affidavits in support of its motion. See Piper Aircraft Co., 454 U.S. at 258, 102 S.Ct. at 267 ("[D]efendants must provide enough information to enable the [trial court] to balance the parties' interests.").
[13] In Pearl Cruises v. Bestor, 678 So.2d 372, 372 (Fla. 3d DCA 1996), review denied, 689 So.2d 1068 (Fla.1997), this court held that Florida was not the proper forum to hear an action filed by California citizens against the Italian corporate shipowner to recover damages for injuries suffered in Vietnam.