PER CURIAM.
As in Resorts Int’l, Inc. v. Spinola, 705 So.2d 629 (Fla. 3d DCA), review denied, 718 So.2d 170 (Fla.1998), and Ryder Truck Rental, Inc. v. Rosenberger, 699 So.2d 713 (Fla. 3d DCA 1997), review denied, 705 So.2d 570 (Fla.1998), it is clear from the facts of this case that: 1) an adequate alternative forum exists; and 2) although the balance of private interests is at or near equipoise, a weighing of the public interest factors demonstrate that “Florida has no interest in committing its judicial time and resources to the litigation of this action which calls for the applica *120 tion of foreign law in relation to a[n out-of-country] vehicle accident wherein a non-Florida resident was injured by the negligence of a non-Florida resident, [who was driving] a vehicle ... [that was] leased, [outside of Florida].” Ryder, 699 So.2d at 717. See Kinney Sys., Inc. v. Continental Ins. Co., 674 So.2d 86 (Fla.1996); Brunschwig v. Simpson, 711 So.2d 255 (Fla. 3d DCA 1998); Cibar-Geigy, Ltd. v. The Fish Peddler, Inc., 691 So.2d 1111 (Fla. 4th DCA), review denied, 699 So.2d 1372 (Fla.1997). Accordingly, we reverse the order and remand for further consistent proceedings.
Reversed and remanded.